I McMANUS, Judge. ■
This matter presents for our review the trial judge’s rulings regarding child support for the minors born during the marriage of Appellant, Theron Patrick Oubre, and Appellee, Elserie Mitchell Oubre. Because the record is lacking the documentary evidence which would allow us to either review the trial judge’s order of support or fix an amount ourselves, however, we can only remand the matter for the judge to order the filing of the necessary information, to re-calculate the support award, and to make a record of his calculations.
STATEMENT OF THE CASE
The matter was instituted with Appellee Elserie’s petition for divorce under Civil Code article 102 (six months’ living apart post petition), filed on August 16th, 1999. Pursuant to an order dated August 20 th, 1999, Elserie was granted temporary custody of the two minor children born of the marriage, Kayla Renee and Kierra Monique. The order additionally set the matter for a hearing on permanent custody and child support, ordering Theron to appear in court and to produce copies of his 1998 W-2 form, 1998 federal income tax return, and [payroll] check stubs for 1999.
The rule was heard on September 10 ⅛, 1999; the written judgment was signed *240 September 17th, 1999. The judgment appointed Elserie domiciliary custodian of the minors, disposed of other incidental matters, and set an amount for child support: Theron was ordered to pay support in the amount of $400.00 every two weeks. In addition, the judgment incorporated the judge’s finding that Theron was, as of the hearing date, | ¿‘underemployed”; the support figure, therefore, was based on his estimated earning capacity.
Theron’s motion for new trial was denied; his motion for appeal was granted on December 16 th, 1999. On appeal, Theron assigns the following assignment of error: that the trial court erred in setting the amount of child support by not following the requirements of R.S. 9:316 — 9:315.4.
FACTS
The following facts, limited to those pertinent to the issue raised on appeal, appear in the record.
We note first that the custody award is not challenged, nor is the finding that Theron is under employed. The trial judge could hardly have made any other finding: Theron is, without any explanation which would relieve him of the duty to support his family, un employed. The testimony regarding the couple’s incomes, therefore, includes Theron’s testimony regarding the unemployment benefits he currently receives.
Elserie testified that she is employed by Guardsmark as a security officer at a Shell chemical plant and that her gross monthly income is $1,241.15.
Theron testified that he currently receives (or was receiving, as of the hearing date) $850.00 (gross) per month in unemployment benefits. He had been employed immediately preceding his unemployment with Hillco, a company engaged to liquidate the stock of a closed Levitz furniture store where Theron had been employed for some thirteen years. Theron had earned an estimated $1,100.00 (pre-tax) per month with Hillco; he had been employed there for less than four months after Levitz closed. In addition to the tax owed on this figure, there are possibly some “business expenses” |swhich have yet to be deducted from the gross figure. Theron testified that during his last year at Levitz his income had been $39,704.56. He did not testify, however, whether this figure was net or gross. Finally, he testified that he had occasionally been employed as a substitute teacher with the St. James Parish school system; however, the dates and figures for this job were too vague to be of any use in calculating estimated income.
In addition to these figures reflecting the income of the parties, Theron testified that Elserie carries health insurance for him, herself and the children through her employment. Neither party, however, gave any figures for deductions (or premiums).
There was no documentary evidence introduced by either party, though it is apparent from the testimony that the parties had check stubs, at least, in court. They were not filed into the record, however, nor were either party’s W-2 forms or tax returns. There was nothing from Elserie regarding the cost of the above noted medical insurance.
Though the record does not contain a worksheet detailing the calculations which led to the judge’s support order, or either written or oral reasons in which the judge elaborates on how he reached the figure, it seems that the judge must have used Theron’s Levitz income to calculate the basic child support figure and to calculate the share of this amount owed each month by Theron. Because there is no worksheet or reasons for judgment, it is also not clear whether the trial judge factored in the insurance premiums paid by Elserie to reach the support amount.
DISCUSSION
As Theron’s only assignment of error, he asserts that the trial judge was in error for having failed to comply with the requirements of LSA-R.S. |49:315 through *241 9:315.4. Specifically, his arguments are directed to the lack of documentary evidence in the record to support the figures set by the trial judge — he argues that the parties’ verified income statements or other proof of earnings should have been filed into the record along with documentation showing the cost of insurance being carried by El-serie. Theron is correct. Had the proper documentation been filed in the record, we would not have had to assume, as we did so above, that the trial judge used Theron’s Levitz income to calculate Theron’s child support obligation. Nor would there be any confusion regarding the health insurance premiums.
Though the testimony regarding the parties’ incomes was given under oath, the testimony does not include all the information necessary for a correct calculation of the amounts of support owed by each. It is unclear from the testimony, for at least some of the figures given by Theron, whether the amounts were gross or net. This information is crucial — the basic support amount is based on the parties’ combined gross income. LSA-R.S. 9:315.8 C; LSA-R.S. 9:315.14. In addition, information regarding health insurance premiums is necessary to calculate the basic child support amount. LSA-R.S. 9:315.4; LSA-R.S. 9:315.8 A. And though it seems that at least some documents had been produced in court, it is not clear whether all pertinent documents were provided for the judge. Nor were any documents filed in the record during the support hearing.
LSA-R.S.' 9:315.2 sets forth the parties’ duty to provide the appropriate documentation necessary for calculation of child support figures:
A. Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall | ^include a copy of the party’s most recent federal tax return. A copy of the statement and documentation shall be provided to the other party (emphasis supplied).
The requirements of LSA-R.S. 9:315.2 are mandatory. These requirements insure that the trial judge has the appropriate information before him and eliminate guessing in our court; noncompliance with them renders the figures reached almost meaningless. The lack of appropriate documentation therefore, as outlined in the article, makes it necessary for us to remand this matter for the inclusion of such documents in the record. Mannina v. Mannina, 588 So.2d 176, 178 (La.App. 5 Cir.1991). See also Jackson v. Belfield, 98-0440, pages 7-9 (La.App. 4 Cir. 11/25/98), 725 So.2d 32, 36-7.
Finally, we must vacate the order of support. As noted, the trial judge may have had the appropriate documentation before him when he made his determination, but we cannot assume as much. In addition, since we can’t be assured that the evidence to be submitted was the evidence already considered, we can only vacate the award as entered and order a re-calculation of the support order.
Therefore, we remand this matter and order that the trial judge instruct both parties, Theron and Elserie, to comply with the mandatory guidelines of LSA-R.S. 9:315.2 .and further order that the documents provided by each party be filed into the court record. In addition, the trial judge is ordered to re-calculate the support award and make a record of the documents and facts which he uses to reach the basic child support award and to specifically state which figure he uses as Theron’s income.
JUDGMENT VACATED; REMANDED.