888 So.2d 235 (2004)
Sandra TUCKER
v.
ST. TAMMANY PARISH SCHOOL BOARD.
No. 2003 CA 2401.
Court of Appeal of Louisiana, First Circuit.
September 17, 2004.
Harry P. Pastuszek, Jr., Mandeville, for Defendant/Appellant, St. Tammany Parish School Board.
William Ken Hawkins, Laplace, for Plaintiff/Appellee, Sandra Tucker.
Before: CARTER, C.J., PETTIGREW, and MCDONALD, JJ.
*236 CARTER, C.J.
The St. Tammany Parish School Board (the School Board) appeals a judgment of the Office of Workers' Compensation (OWC) awarding Sandra Tucker benefits and penalties.

FACTS
On October 30, 1997, Sandra Tucker was injured in a motor vehicle accident, while in the course and scope of her employment as a bus driver with the School Board. The School Board then commenced paying Ms. Tucker $187.60 per week in indemnity benefits and additionally commenced paying medical benefits. The School Board continued to pay indemnity and medical benefits to Ms. Tucker after Ms. Tucker settled her tort claim with the third-party tortfeasor. The School Board accepted a portion of the total settlement amount in settlement of indemnity and medical benefits paid to Ms. Tucker.
In October 2001, the School Board suspended payment of benefits to Ms. Tucker, claiming it was entitled to a credit against the amount Ms. Tucker received in the settlement with the third-party tortfeasor. Ms. Tucker filed a disputed claim for compensation alleging the suspension of benefits was improper.
Prior to trial, the workers' compensation judge (WCJ) granted summary judgment recognizing the School Board's entitlement to a credit. The WCJ specifically reserved for trial the amount of the credit and the amount of Ms. Tucker's average weekly wage (AWW).
After trial, the WCJ calculated Ms. Tucker's AWW to be $365.85 and found that Ms. Tucker was entitled to reinstatement of weekly indemnity benefits in the amount of $243.91 from the date of trial and continuing. The WCJ assessed penalties against the School Board totaling $6,000.00 for its failure to pay the correct compensation rate, failure to pay medical bills timely, and failure to pay mileage.[1]
The School Board now appeals, contending the WCJ erred in her calculation of Ms. Tucker's AWW and in assessing it with penalties.

DISCUSSION
The amount of benefits to which Ms. Tucker is entitled is computed based on her AWW. See LSA-R.S. 23:1021(10); LSA-R.S. 23:1221. The calculation of a claimant's AWW is a factual finding and therefore subject to the manifest error  clearly wrong standard of review. See Culotta v. A.L. & W. Moore Trucking Co., 35,344 (La.App. 2 Cir. 3/5/03), 839 So.2d 1063, 1066, writ denied, 03-0998 (La.5/30/03), 845 So.2d 1052; Dean v. Southmark Const., 03-1051 (La.7/6/04), 879 So.2d 112, 115. Under the manifest error standard, a reviewing court will not set aside the WCJ's factual findings unless they are found to be clearly wrong in light of the record viewed in its entirety. Further, where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed. Finally, the reviewing court may not reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Dean, 879 So.2d at 115.
The School Board contends that the only dispute before the WCJ with regard to the AWW was whether it should be computed *237 based solely on Ms. Tucker's base salary or whether it should be computed on the combined amount of her base salary and her bus operations pay. The WCJ determined that bus operations pay should not be included in the AWW calculation, and thus the AWW should be based solely on the base salary. The School Board argues that the parties were in agreement that Ms. Tucker's base salary was $14,634.00, a fact Ms. Tucker admitted in her pleadings, and the WCJ erred in using pay stubs submitted into evidence to recalculate the amount.
A declaration that expressly acknowledges an adverse fact and is made by a party in a judicial proceeding is a judicial confession that constitutes full proof against the party who made it. LSA-C.C. art. 1853; Perry v. Perry & Sons Vault & Grave Service, 03-1519 (La.App. 3 Cir. 5/12/04), 872 So.2d 611, 614. A judicial confession is indivisible and may be revoked only on the ground of error of fact. LSA-C.C. art. 1853.
In her disputed claim for compensation, Ms. Tucker (at the time a pro se litigant) did not set forth any amount for her AWW, but did claim her workers' compensation rate to be $187.60. In its answer to Ms. Tucker's disputed claim for compensation, the School Board responded, "It is DENIED that the average weekly wage, as set forth in the claim for compensation, is correct, and the [School] Board calls for strict proof of this claim by claimant."
Ms. Tucker filed two documents into the record in response to the School Board's answer. In the first, she stated, "My wages per year were $14,734.00." In the second, she stated:
My weekly checks were paid on my salary only, they did not consider my maintenance and mileage, that was a part of my salary too. They should refigure it to that degree, where I get more and they need to figure all the back money, that they owed me for the difference that they short changed me.
She later submitted to the WCJ a letter, in which she stated:
I would like to add some of my new findings [in] my case. I found my check stubs dating from September 15th 1997 to May 15th of 1998, when I had my wreck. It clearly states that I made $25,861.04 which was taxable. I feel after some reach [sic] that I should have been getting $331.52 per week instead of $187.60. My bus was my property and what I did not use for gas and maintenance was mine. Plus my check was figured on three hundred sixty-five days a year and I only worked one hundred seventy eight days a year. So I feel they also owe me all this [sic] back [monies]. Back in 1997 the R.S. 23:1202 of the Louisiana Compensation Act for the maximum comp wages were $350.00. I should have gotten $331.52 per week, but I was only getting $187.60. My December paycheck stub shows my gross total was $25,861.04.
I had never questioned anything the school boards did until now and after causing all these problems and going to the library I found out a lot of things that they did wrong.
I would like the courts to review this matter and see the new material I am entering in this matter.
The School Board is correct that Ms. Tucker did originally state that her annual wage was $14,734.00. However, we find that in subsequent pleadings she sufficiently alleged that her initial statement was based on errors of fact. The School Board's position appears to be that the statements in the subsequent pleadings meant that Ms. Tucker was claiming that her AWW should be calculated on both her *238 base pay and her bus operations pay, but that Ms. Tucker was not disputing the base pay amount. We cannot draw such a conclusion on the record before us. The documents alleging the error do not reference a distinction between base pay and bus operations pay. Rather, they simply contend that for purposes of the benefits and AWW calculation, the annual wage should be based on the pay stubs.
After review, we find that Ms. Tucker revoked any admission she made regarding the amount of her annual wage. We note too that the record clearly reflects that both parties and the WCJ considered the amount of Ms. Tucker's AWW to have been an issue to be decided at trial. The record does not support a finding that the only issue was whether the AWW should be based on the base wage of $14,734.00, or the combined amount of the base wage and bus operations pay.
The School Board also contends that when properly calculated, the base pay reflected on the pay stubs amounts to an annual base pay of $14,734.00. The pay stubs show Ms. Tucker's base or "regular" pay to be $731.70 per bi-weekly pay period. The WCJ multiplied $731.70 by 26 to compute the annual salary, which she then divided by 52 to compute the AWW. The School Board contends the WCJ should have multiplied $731.70 by 20, which calculation yields an annual base pay of $14,734.00. We disagree.
At trial, Ms. Tucker testified that she worked nine months per year, but elected to defer a portion of her salary and be paid over the course of twelve months. The pay stubs reflect deferred deductions, deferred pay, and deferred tax, all listed under the heading "Deduction Detail." However, it is unclear how these amounts affect the "regular pay" amount. When questioned about her pay stub, Ms. Tucker explained that, "[W]e could never figure out our paycheck stubs. I mean, I can get you 10 bus drivers here and none of them could ever figure out their pay stubs." The School Board offered no testimony to dispel the confusion. Moreover, the School Board offered no evidence to support its position that the "regular pay" amount reflected on the pay stub should be multiplied by 20 rather than 26.
Under the manifest error standard, a reviewing court will not set aside the WCJ's factual findings unless they are found to be clearly wrong in light of the record viewed in its entirety. After reviewing the record in this matter, we cannot say that the WCJ's calculation of Ms. Tucker's AWW based on actual pay stubs was clearly wrong. As the WCJ noted in her written reasons for judgment, the check stubs admitted into evidence indicate that Ms. Tucker's regular pay as a school bus driver was $731.70 bi-weekly. Her bus operations pay was $838.01 bi-weekly and was not included in the computation of annual salary. Thus, a reasonable basis exists for the WCJ's AWW computation. We will not disturb the WCJ's factual finding regarding Ms. Tucker's AWW.
The School Board also contends that the WCJ erred in assessing penalties against it under LSA-R.S. 23:1201 F. The School Board does not contest the amount of the penalty, but contends the penalty assessment stems from the WCJ's erroneous calculation of Ms. Tucker's average weekly wage. We have addressed the WCJ's calculation of Ms. Tucker's average weekly wage and found no error. Thus, we find no merit in this argument.

CONCLUSION
For the foregoing reasons, the judgment appealed from is affirmed. Costs of this appeal in the amount of $405.00 are assessed *239 to the St. Tammany Parish School Board.
AFFIRMED.
NOTES
[1] The WCJ's judgment further decreed that Ms. Tucker is entitled to payment of $5,171.73 in past due medical expenses and $1,403.36 in past due mileage expenses. However, these portions of the judgment are not germane to the issues presented in this appeal.