989 So.2d 794 (2008)
Mathaniel GOINES, Jr.
v.
Dianne B. GOINES.
No. 08-CA-42.
Court of Appeal of Louisiana, Fifth Circuit.
June 19, 2008.
*795 Avinell J.M. Faucheux, Attorney at Law, Destrehan, Louisiana, for Plaintiff/Appellee.
Richard J. Brazan, Jr., Attorney at Law, Baton Rouge, Louisiana, for Defendant/Appellant.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
Diane and Nathaniel Goines were married on June 20, 1986. The parties filed a Petition for Divorce and Related Matters seeking a divorce and to partition the community property. At the time of separation, the parties lived in a home located at 2232 Country Club Drive in Laplace, Louisiana. The home was purchased by Nathaniel Goines ("Nathaniel") on August 31, 1985, prior to the marriage, and the parties had resided in the home throughout their marriage.
It is the classification of this home as either community property or the separate property of Nathaniel, that is at issue in this appeal.
*796 Nathaniel filed a Community Property List of Assets and Expenses on November 5, 2003 listing the home as community property. A hearing was also held on that day and the trial court ordered the parties to file sworn detailed descriptive lists no later than December 15, 2003. The trial court also ordered that the Traversal of the community property lists would be held on January 15, 2004. On November 14, 2003, Nathaniel filed a Petition for Temporary Restraining Order and Injunction Against Alienation or Encumbrance of Community Property.
Then on December 15, 2003, Dianne Goinnes ("Dianne") filed a Sworn Detailed Descriptive List of Community Property, which also listed the home as community property. Nathaniel filed another Community Property List of Assets & Expenses on December 15, 2003, and again listed the home as community property.
Thereafter, on September 9, 2004, Nathaniel filed a Motion for Rule to Show Cause Why the Former Family Home Should Not Be Declared the Sole Property of Nathaniel Goines, Jr. and Placed in His Name Only. In this motion, Nathaniel argued the house should be placed solely in his name because Dianne had incurred debts which encumbered the home and had signed over her interest in the home to creditors. Nathaniel made no argument in this motion that the home was his separate property and not part of the community.
Nathaniel filed another Detailed Descriptive List on November 6, 2006 and again listed the home as community property. On April 30, 2007, Nathaniel filed a Motion to Traverse Descriptive List and for the first time asserted that the home was his separate property.
A hearing was held on May 17, 2007 to partition the community property and decide the status of the home. At that hearing, Diane presented evidence that on March 30, 1988, after the parties were married, they refinanced the home and both signed an Affidavit designating and recognizing the property as community property for the purpose of refinancing. Diane argued that by this Affidavit, Nathaniel had donated the home to the community.
The trial court issued a Judgment May 31, 2007 finding the home to be the separate property of Nathaniel. The trial court found that, while the affidavit designated the property as community property for the purpose of refinancing and was in authentic form, the language of the affidavit does not express Nathaniel's wish to donate or convey his one-half interest in the property to Diane, as required by La. C.C. art. 1747. Therefore, the trial court found Nathaniel had not transferred his separate property to the community property regime.
Diane now appeals this Judgment arguing the trial court erred because Nathaniel had judicially admitted the house was community property and the affidavit successfully transferred the property to the community. For the reasons which follow, we reverse the trial court's judgment and find the home to be community property of Nathaniel and Dianne Goines.

DISCUSSION
La. C.C. art. 2341 provides that the separate property of a spouse includes property acquired by the spouse prior to the establishment of a community property regime. According to La. C.C. art. 2341.1, a spouse's undivided interest in property classified as separate property remains his separate property regardless of who manages, uses or enjoys. A spouse may transfer separate property to the community. La. C.C. art. 2343.1. The transfer by gratuitous *797 title, or a donation, must be made by authentic act. Id. La. C.C. art. 1747 provides that an interspousal donation shall be made by a single instrument in authentic form and must expressly state that the donor makes the donation in consideration of his present marriage. It shall be signed by the donor and donee at the same time and place.
The house at 2232 Country Club Drive in Laplace was purchased by Nathaniel prior the marriage. However, the Affidavit executed by Nathaniel and Dianne, for the purpose of refinancing the home, states the home is the community property of the parties. We note that the Affidavit executed by the parties only stated that the parties were recognizing and designating the property as community property for the purpose of refinancing. However, we find this affidavit, as well as the actions of Nathaniel, clearly indicate his intent for the home to be designated as community property.
Additionally, we find the filings of Nathaniel to be judicial admissions that the home is community property. LSA-C.C. art. 1853 provides that "[a] judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes a full proof against the party who made it. A judicial confession is indivisible and it may be revoked only on the ground of error of fact."
A declaration that expressly acknowledges an adverse fact and is made by a party in a judicial proceeding is a judicial confession that constitutes full proof against the party who made it. Tucker v. St. Tammany Parish School Bd., 03-2401 (La.App. 1 Cir. 9/17/04), 888 So.2d 235, 237, citing, Perry v. Perry & Sons Vault & Grave Service, 03-1519 (La.App. 3 Cir. 5/12/04), 872 So.2d 611, 614. A judicial confession is indivisible and may be revoked only on the ground of error fact. Id. An admission in a pleading falls within the scope of a judicial confession and is full proof against the party making it. Monfore v. Self, 99-459 (La.App. 3 Cir. 12/8/99), 755 So.2d 907, 909, citing, Smith v. Board of Trustees, 398 So.2d 1045 (La.1981). A judicial confession must be explicit and not merely implied. Monfore, supra, citing, Hoffman v. Hoffman, 430 So.2d 149 (La. App. 2 Cir.1983).
Both parties submitted detailed descriptive lists, which indicated what they considered to be the community assets and debts. These lists also provided any items the parties considered to be their own separate property or separate debts.
These detailed descriptive lists filed by both parties constitute pleadings and, therefore, any admission or statement made in the documents, falls within the scope of a judicial confession. Statements made by Nathaniel in the detailed descriptive lists and motions he filed explicitly stated the home was community property and was his separate property that he had donated to the community.
On November 5, 2003, Nathaniel listed the home as community property in his Community Property List of Assets and Expenses and even listed his donation of the family home as a donation of his separate property to the community. In his November 14, 2003 Petition for Temporary Restraining Order and Injunction he again referred to the home as community property and stated "[t]he parties own property that is part of the former community of acquets and gains, consisting principally of the residence located at 2322 Country Club Dr., Laplace, Louisiana." Nathaniel's Community Property List of Assets and Expenses filed December 15, 2003 also listed the home as a community asset. That document designates other assets as separate property and again specifically *798 lists "Donation of the Family Home" as his separate property donated to the community. Finally, Nathaniel's Detailed Descriptive List filed on November 6, 2006, listed the home as community property and again listed the home as his separate property that had been donated to the community and he was seeking a reimbursement for this donation.
Nathaniel did not assert that the home was his separate property, and that he had not donated the property to the community, until his Motion to Traverse Descriptive List filed on April 30, 2007.
Based on the above, we find Nathaniel's statements in his lists and motions to be judicial confessions that the home located at 2322 Country Club Drive in Laplace, LA was community property. We also find that Nathaniel has not proven any error of fact on which to revoke the judicial confession. Additionally, we note the affidavit executed by Nathaniel and Dianne, which recognized the home as community property, further demonstrates Nathaniel's intent that the home be considered community property.
Accordingly, we find the statements made by Nathaniel in the pleadings filed to be judicial confessions, which explicitly state that the home is community property. Thus, we reverse the judgment of the trial court and find the home located at 2322 Country Club Drive in Laplace, Louisiana to be the community property of Nathaniel and Dianne Goines.
REVERSED.