STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0530

LARRY SYLVESTER COLA, JR.

VERSUS

TONYA LEATHERMAN COLA

Judgment Rendered: ___DEC 2 7 2019___

* * * * *

On Appeal from
The Family Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 212,604

Honorable Pamela J. Baker, Judge Presiding

* * * * *

Vincent A. Saffiotti                    Attorney for Plaintiff-Appellee,
Baton Rouge, LA                         Larry Sylvester Cola, Jr.

Heidi M. Vessell                        Attorneys for Defendant-Appellant,
Katherine Wheeler                       Tonya Leatherman Cola
Zachary, LA

ReAzalia Allen
Baker, LA

* * * * *

BEFORE:  HIGGINBOTHAM, PENZATO AND LANIER, JJ.

Penzato, J., concurs

**HIGGINBOTHAM, J.**

In this community property dispute, Tonya Cola appeals the judgment of the trial court finding that the former matrimonial domicile is the separate property of Larry Cola, Jr.

## FACTS AND PROCEDURAL HISTORY

On December 28, 1996, Larry Cola, Jr. and Tonya Cola were married. About five years later, on February 5, 2002, Larry purchased through a cash sale a home and the surrounding five acres located at 21839 Ligon Rd. in Zachary, Louisiana, that would become their matrimonial domicile. (the Ligon Rd. property) The cash sale provided that the property was being purchased as Larry's separate property under his own separate administration and control. Tonya intervened in and signed the cash sale "for the sole purpose of acknowledging that the property being purchased…is [Larry's] separate property." On that same day, Larry entered into a collateral mortgage and collateral pledge for a loan in amount of $182,282.00 granting to American General Financial Services a security interest in the form of a mortgage on the Ligon Rd. property. Tonya also intervened in and signed the collateral mortgage for limited purpose of concurring with the granting of the mortgage on the "separately owned property."

On March 2, 2018, Larry filed a "Petition for Divorce and for Partition of Community Property." In his petition, he requested, among other relief, that he be awarded exclusive use of the former matrimonial domicile, and he alleged that the Ligon Rd. property was his separate property. Tonya filed an answer and reconventional demand and also requested exclusive use of the former matrimonial domicile. In her answer, Tonya asserted a general denial to Larry's statement in his petition that the Ligon Rd. property was his separate property. In her reconventional demand, Tonya stated that the parties never had a separate property regime, the Ligon Rd. property was purchased after the marriage, and community funds were used to pay the mortgage. Further, she contended that the defendant fraudulently

2

induced her to sign the act of sale by which the parties acquired the Ligon Rd. property.

Thereafter, Larry filed his Sworn Detailed Descriptive List, again identifying the Ligon Rd. property as his separate property. Tonya filed her Sworn Detailed Descriptive List, which did not list the Ligon Rd. property as a community asset, but listed a "claim for reimbursement of ½ of $10,000 loan by community used as down payment for purchase of separate property at 21839 Ligon Road, Zachary, LA."

The matter came before the trial court for partition of community property on September 5, 2018. During the hearing, Tonya's attorney attempted to question Larry about his classification of the Ligon Rd. property as separate. In response, Larry's attorney objected to that line of questioning, arguing that it was beyond the scope of the pleadings. The trial court sustained the objection by Larry's attorney and stated that this ruling meant that the separateness of the Ligon Rd. property would not be attacked. At the end of the hearing, Tonya's attorney proffered evidence regarding the classification of the Ligon Rd. property for the record.

After the completion of the trial, on September 18, 2018, the trial court signed a judgment partitioning the community property and ordering, "that the property located at 21839 Ligon Rd., Zachary, Louisiana is hereby adjudged and declared to be the separate property of [Larry]." Additionally, the judgment ordered Tonya to vacate the former matrimonial domicile by September 15, 2018. Prior to the signing of the judgment, Tonya filed a motion for new trial and to enjoin Tonya's eviction from the matrimonial domicile. After a hearing, the trial court denied Tonya's motion by a judgment signed on October 9, 2018. It is from the September 18, 2018 judgment as well as the October 9, 2018 denial of her motion[1] that Tonya appeals asserting the following assignments of error:

---

[1] Although the denial of a motion for new trial is generally a non-appealable interlocutory judgment, the court may consider interlocutory judgments as part of an unrestricted appeal from a final judgment. **Henry v. Sullivan**, 2016-0564 (La. App. 1st Cir. 7/12/17), 223 So.3d 1263, 1272.

3

1. The trial court erred in designating the Ligon Rd. property as Larry's separate property solely on the basis of a defective recital of separate property in the act of sale purchasing the property under La. Civ. Code art. 2342 because it did not say that the property was acquired with separate funds.

2. The trial court erred in denying Tonya's right to present testimony and evidence at trial rebutting Larry's claim that the Ligon Rd. property is his separate property.

3. The trial court erred in ordering Tonya to vacate the family home prior to the signing of the partition judgment and prior to the delays for a new trial and suspensive appeal of the judgment.

## LAW AND ANALYSIS

### I.    Assignments of Error No. 1 and 2

In Tonya's first two assignments of error, she contends that the trial court erred in not allowing her to present evidence regarding the classification of the Ligon Rd. property. The standard of review for evidentiary rulings of a trial court is abuse of discretion; the trial court's ruling will not be disturbed unless it is clearly erroneous. See **Gorman v. Miller**, 2012-0412 (La. App. 1st Cir. 11/13/13), 136 So.3d 834, 840 (*en banc*), writ denied, 2013-2909 (La. 3/21/14), 135 So.3d 620.

In a community property partition, things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property. La. Civ. Code art. 2340. The community presumption contained in article 2340 is rebuttable by either spouse upon a showing by a preponderance of the evidence the separate nature of property brought into the community. **Talbot v. Talbot**, 2003-0814 (La. 12/12/03), 864 So.2d 590, 600. Louisiana Civil Code article 2342(A) provides in pertinent part that "[a] declaration in an act of acquisition that things are acquired with separate funds as the separate property of a spouse may be controverted by the

4

other spouse unless he concurred in the act." Article 2342 was enacted to codify the jurisprudential doctrine of estoppel by deed, which is that a declaration in an act of acquisition that things are acquired with separate funds as separate property of a spouse may not be controverted by the other spouse where she concurred in the act. **Curtis v. Curtis**, 403 So.2d 56, 59 (La. 1981); <u>see also</u> **Monk v. Monk**, 243 La. 429, 144 So.2d 384 (1962). However, even where the spouse concurred in the act, the cases have recognized that she is not estopped from claiming the property is community property where she concurred due to fraud, error or duress. **Levatino v. Levatino**, 506 So.2d 858, 859 (La. App. 1st Cir. 1987).

During trial, on direct examination, Larry introduced the cash sale wherein Tonya acknowledged that the Ligon Rd. property was his separate property. Additionally, Larry answered yes when he was asked if it was his contention that the Ligon Rd. property was his separate property. The cash sale signed by both Larry and Tonya stated as follows:

> Larry Cola...married to and living with Tonya Leatherman Cola, but dealing herein with his own separate property, under his own separate administration and control...the said Tonya Leatherman Cola appearing and intervening herein for the sole purpose of acknowledging that the property being purchased herein by Larry Cola is his separate property, under his own separate administration and control.

Larry also introduced the collateral mortgage executed contemporaneously with the cash sale in which Larry "dealing herein with his separate property" entered into a loan in the amount of $182,282.00. Tonya intervened in and signed the collateral mortgage stating that she was "appearing herein for the limited purpose of concurring with the granting of this mortgage on separately-owned property described herein...without creating any liability with respect to my spouses separate property." The Ligon Rd. property was the mortgaged property and the legal description of the property was attached to the mortgage as exhibit "A".

On cross-examination, as previously pointed out, when Tonya's attorney attempted to question Larry about the classification of the Ligon Rd. property,

5

Larry's attorney objected, arguing that trying to prove that the property was community was beyond the scope of the pleading. Specifically, he argued that under Article 2342, Tonya who concurred in the cash sale stating that the property was the separate property of Larry, could not now contest the separate nature of the property unless she contended in a pleading that she concurred due to fraud, error, or duress. In ruling on the objection, the trial court stated:

> Code of Civil Procedure article 856 says "in pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity." Code of Procedure article 1005 says, "the answer shall set forth affirmatively" ... "duress, error, mistake, fraud, failure of consideration." So, the objection is sustained.

Additionally in ruling on the objection, the trial court noted that on more than one occasion the trial court requested that if Tonya's attorney was going to attack the declaration of separateness of the Ligon Rd. property to do so before trial, and informed her that she would require memos from both parties. The trial court stated, "that did not happen."

As pointed out by Tonya in her first assignment of error, the declarations in the cash sale and collateral mortgage provide that the Ligon Rd. property is the separate property of Larry, but do not state that the property was acquired with separate funds. Although there are limited cases discussing the application of Article 2342, we agree with Tonya's argument that to be prevented from controverting the act of acquisition, the plain language of Article 2342 requires the declaration to state that the thing was "acquired with separate funds" of the spouse. However, although we agree with Tonya that she was not prevented from controverting the cash sale under Article 2342, for the following reasons, we find no abuse of discretion in the trial court's ruling sustaining Larry's objection to testimony about the classification of the Ligon Rd. property.

A declaration that expressly acknowledges an adverse fact and is made by a party in a judicial proceeding is a judicial confession that constitutes full proof against the party who made it. **Goines v. Goines**, 2008-42 (La. App. 5th Cir.

6

6/19/08) 989 So.2d 794, 797. An admission in a pleading falls within the scope of a judicial confession and is full proof against the party making it. A judicial confession must be explicit and not merely implied. **Id.** Detailed descriptive lists in a community property partition constitute pleadings and, therefore, any admission or statement made in the documents falls within the scope of a judicial confession. **Id.** A judicial confession is indivisible and may be revoked only on the ground of error of fact. **Id.**

Tonya's signed detailed descriptive list described the Ligon Rd. property as the separate property of Larry, and did not list the home as a community asset. Specifically, Tonya's detailed descriptive list stated that Tonya, after being duly sworn, declared the following detailed descriptive list contains all of the community assets, liabilities, and reimbursements known to her, and she did not list the Ligon Rd. property as a community asset. Additionally, in her reimbursement claims she sought a claim for reimbursement of the mortgage payments made from community funds, and "1/2 of $10,000 loan by community used as down payment for the purchase of separate property at 21839 Ligon Road, Zachary, LA 70791." Tonya's declaration made in her detailed descriptive list that expressly acknowledged that the Ligon Rd. property is separate property is a judicial confession that constitutes full proof against Tonya[2].

In addition, Tonya acknowledged by her signature in the cash sale and the collateral mortgage, both authentic acts, that the Ligon Rd. property was the separate property of Larry. In the absence of fraud, duress, or misconduct, Tonya, by signing the written instrument, is presumed to know its contents and cannot avoid her obligations by contending that she did not read it, that it was not explained to her, or

---

[2] We acknowledge that in the parties' joint detailed descriptive list (joint DDL), Tonya disagreed with the Ligon Rd. property's classification as "Husband's Separate Property." Rather, Tonya stated that the property was community. However, the joint DDL was created after Tonya's detailed descriptive list acknowledging that the Ligon Rd. property was Larry's separate property, and the joint DDL was not sworn to and was singed only by the attorneys. Additionally, the joint DDL appears to be a tool for the trial court to use during the hearing, rather than a pleading required by La. R.S. 9:2801.

7

that she did not understand it. See **Smith v. Leger**, 439 So.2d 1203, 1206 (La. App. 1st Cir. 1983). We agree with the trial court that the issue of fraud was not properly pled with particularity as required by La. Code Civ. P. art. 856. In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity. La. Code Civ. P art. 856. A mere allegation of fraud, unaccompanied by factual allegations setting forth with particularity the circumstances that constitute the same, is a mere conclusion of the pleader and does not set forth a cause of action as to fraud. **Ivy Rest. New Orleans, LLC v. Torre**, 2016-0777 (La. App. 4th Cir. 2/1/17), 211 So.3d 676, 680 In her reconventional demand, Tonya's only reference to fraud states Larry "fraudulently induced" Tonya to sign and execute the act of sale as well as loans and other documents. To plead that a defendant defrauded a plaintiff is insufficient to set forth a cause of action for fraud. See **Ivy**, 211 So.3d at 680 (citing **Private Connection Prop., Inc. v. Fox Cars, LLC**, 2008-1129 (La. App. 4th Cir. 2/10/09), 6 So.3d 866, 872.

Finally, in ruling on the objection, the trial court pointed out that it discussed with Tonya's attorney that if she planned to contest the classification of the Ligon Rd. property, she should file her pleadings before trial. No pleading contesting the classification of the property was ever filed.

Based on the foregoing, specifically, Tonya's acknowledgments in two authentic acts that the Ligon Rd. property was Larry's separate property, coupled with her judicial confession on her detailed descriptive list that the Ligon Rd. property was separate, we find no abuse of discretion in the trial court's ruling sustaining Larry's objection to testimony about the classification of the Ligon Rd. property. Therefore, we find no error in the trial court's ruling finding that the Ligon Rd. property is the separate property of Larry.

## II. Assignment of Error No. 3

In her final assignment of error, Tonya contends that the trial court erred in ordering her to vacate the family home prior to the signing of the partition judgment

8

and prior to the delays for a new trial and suspensive appeal of the judgment. Courts will not rule on questions of law that have become moot since their decree will serve no useful purpose and afford no practical relief. **Kaiser Aluminum Exploration Company v. Thompson**, 512 So.2d 1197, 1200 (La. App. 1st Cir. 1982). At this point, that issue is moot as the final judgment has been signed, the motion for new trial considered, and a devolutive appeal granted to Tonya from the September 18, 2018 and October 9, 2018 judgments.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. All costs of the appeal are assessed to defendant/appellant, Tonya Cola.

**AFFIRMED.**