ROBERT G. ARTHUR, II

VERSUS

PAUL D. CONNICK, JR., IN HIS OFFICIAL
CAPACITY AS DISTRICT ATTORNEY AND
CUSTODIAN OF RECORDS FOR THE
JEFFERSON PARISH DISTRICT
ATTORNEY'S OFFICE

NO. 24-C-480

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 850-544, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING

January 10, 2025

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Scott U. Schlegel, and Timothy S. Marcel

**<u>WRIT GRANTED; RULING ON EXCEPTION OF LACK OF SUBJECT
MATTER JURISDICTION REVERSED; EXCEPTION OF LACK OF
SUBJECT MATTER JURISDICTION GRANTED; DECLARATORY
ACTION AS TO THE JPDA'S DOCUMENT PRODUCTION FEE
SCHEDULE DISMISSED WITH PREJUDICE AS MOOT</u>**
    **JGG**
    **SUS**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/RELATOR,
PAUL D. CONNICK, JR., IN HIS OFFICIAL CAPACITY
Richard C. Stanley
Matthew J. Paul

COUNSEL FOR PLAINTIFF/RESPONDENT,
ROBERT G. ARTHUR, II
Katie Schwartzmann
Melia R. Cerrato

**GRAVOIS, J.**

Relator, Paul D. Connick, Jr., in his official capacity as the District Attorney of Jefferson Parish ("the JPDA"), seeks this Court's supervisory review of the trial court's September 10, 2024 judgment, which denied (overruled) his exception of lack of subject matter jurisdiction pertaining to respondent, Robert G. Arthur, II's, petition for declaratory relief regarding the reasonableness of the JPDA's document production fee schedule. Mr. Arthur filed an opposition to the writ application in this Court. The JPDA filed a reply to the opposition. For the following reasons, we find that Mr. Arthur's claim for declaratory relief regarding the reasonableness of the JPDA's document production fee schedule is now moot. Accordingly, we grant the writ application, reverse the trial court's ruling which denied the JPDA's exception of lack of subject matter jurisdiction regarding the declaratory action as to the reasonableness of the JPDA's document production fee schedule, grant the JPDA's exception of lack of subject matter jurisdiction, and dismiss the declaratory action as to the reasonableness of the JPDA's document production fee schedule with prejudice as moot.

### FACTS AND PROCEDURAL BACKGROUND

The filings in this Court explain that Mr. Arthur filed a public records request under the Louisiana Public Records Act, La. R.S. 44:1, *et seq.*, with the JPDA seeking all records and information pertaining to the investigation of the death of Shawn M. Arthur, his son. After a period of delay, the JPDA responded to Mr. Arthur that he could inspect over 35,000 pages of documents in person at the JPDA's office for free, or could pay for paper copies or electronic copies, each according to a fee schedule devised by the JPDA. Being unsatisfied with the JPDA's response, Mr. Arthur filed suit against the JPDA, seeking both mandamus relief (production of all of the records) and a declaratory judgment (that the

JPDA's fee schedule for said production was unreasonable).[1] After suit was filed, the JPDA represents herein that it subsequently produced to Mr. Arthur most of the requested records via electronic publication, and waived all fees associated with the production, and shall waive all fees for any future document production to Mr. Arthur for this case.[2]

The JPDA filed an exception of lack of subject matter jurisdiction as to the declaratory action only, arguing that it is now moot, because the JPDA waived all fees for Mr. Arthur's public records request and produced the requested records to him at no cost. Mr. Arthur opposed the exception. Thereafter, Mr. Arthur filed a motion for leave to file a supplemental and amending petition, raising the new claim that 614 pages of records had been improperly withheld from the previous productions, as well as other records subject to production (charge conference review sheets, autopsy reports and photos, emails, etc.). The JPDA opposed the motion for leave. The motion for leave and the exception of lack of subject matter jurisdiction were heard on August 8, 2024 and taken under advisement. The judgment of this date (August 8, 2024) also ordered that the trial court would review the withheld documents in question *in camera* to determine whether they were subject to production.

On September 10, 2024, the trial court signed the judgment under review herein, granting Mr. Arthur leave to file the supplemental and amending petition, and denying the JPDA's exception of lack of subject matter jurisdiction as to the action for declaratory relief.

---

[1] A request for mandamus relief employs summary procedure, and a declaratory action employs ordinary procedure, which are disparate. In his supplemental and amending petition, Mr. Arthur converted the entire action to an ordinary proceeding.

[2] Mr. Arthur disputed the JPDA's non-production of some records as allegedly privileged, and the dispute does not appear to be fully resolved at this point, according to representations made herein by Mr. Arthur in opposition to this writ application.

Both parties agree that granting this writ application and granting the exception of lack of subject matter jurisdiction will terminate only the declaratory action regarding the JPDA's alleged excessive fee schedule, not the entirety of the litigation, which also includes a claim for attorney's fees and costs, and other declaratory relief and additional remedies under the Public Records Act.[3]

## ANALYSIS

The exception of lack of subject matter jurisdiction is a question of law and is reviewed *de novo*. *Wilkinson v. Parker*, 18-431 (La. App. 5 Cir. 12/27/18), 263 So.3d 987, 990-91.

An issue is "moot" when a judgment or decree on that issue has been "deprived of practical significance" or "made abstract or purely academic." *Ulrich v. Robinson*, 18-0534 (La. 3/26/19), 282 So.3d 180, 186, citing *Cat's Meow, Inc. v. City of New Orleans Through Dept. of Finance*, 98-0601 (La. 10/20/98), 720 So.2d 1186, 1193. In other words, a case is "moot" when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. *Id.* If the case is moot, then " 'there is no subject matter on which the judgment of the court can operate.' " *Id.*, quoting *St. Charles Par. Sch. Bd. v. GAF Corp.*, 512 So.2d 1165, 1171 (La. 1987), *on reh'g* (Aug. 7, 1987).

While the resolution of a pending question in a case may lead a court to find it has no justiciable controversy to resolve, the voluntary cessation exception to the mootness doctrine has been created to thwart spurious technical mootness. *Cat's Meow, Inc.* 720 So.2d at 1194. Under the voluntary cessation exception to the

---

[3] In his supplemental and amended petition, among other things, Mr. Arthur has prayed for the following relief: "(d) Enjoin the Defendant from charging its unreasonable fees for public records; (e) Declare the Defendant's current fee schedule unreasonable and in violation of the Public Records Act; (f) Order the Defendant to produce electronic copies of the remaining records sought for free or a fee reflective of actual costs; (g) Award Petitioner nominal damages and civil penalties pursuant to La. R.S. 44:35(E); (h) Award Petitioner reasonable attorneys' fees and costs pursuant to La. R.S. 44:35(D); and (i) Award Petitioner any other legal and equitable relief to which he is entitled."

mootness doctrine, a case or controversy is not moot if the defendant voluntarily stops the allegedly wrongful conduct for the purpose of obtaining a dismissal of the litigation, but is otherwise unrestrained from resuming the wrongful conduct afterwards. *Id.* Therefore, the defendant asserting the mootness doctrine must show with assurance that there is no reasonable expectation that the alleged violation will recur. *Cat's Meow, Inc.*, 720 So.2d at 1194. *Ulrich v. Robinson*, 282 So.3d at 188.

In the writ application and the reply to Mr. Arthur's opposition, the JPDA argues that it has affirmatively stated in this filing and in trial court filings that it has waived all scheduled fees for documents thus far produced to Mr. Arthur, and will continue to waive all future document production fees to Mr. Arthur in this litigation, thus negating the "voluntary cessation" exception to the mootness doctrine in this case.[4] The JPDA asserts that its statements are binding judicial confessions that foreclose it from reversing course and later charging Mr. Arthur for copies of the requested records. Mr. Arthur, however, claims that as a matter of fact, the JPDA has made no binding statements that the allegedly unlawful fee schedule will not be enforced against him (or others) for <u>future</u> requests. Mr. Arthur argues herein that the statements from counsel regarding the fee waiver are not evidence, but are argument only, and thus do not bear the JPDA's burden of proof regarding mootness of Mr. Arthur's request for relief regarding the fee schedule.

Upon review, we find merit to the JPDA's position that its statements herein, that it has waived all document production fees to this point and will continue to furnish producible documents to Mr. Arthur free of charge, is a binding statement

---

[4] In its reply to the opposition, the JPDA asserted: "Tens of thousands of pages of records have been produced to Mr. Arthur at no cost, and JPDA has made binding admissions in multiple pleadings that no fee will be charged for copies of any additional records that may be produced to Mr. Arthur in the future. Nothing in Mr. Arthur's Opposition refutes these dispositive facts."

that applies to and regulates its conduct in this lawsuit. La. C.C. art. 1853 provides that "[a] judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes a full proof against the party who made it. A judicial confession is indivisible and it may be revoked only on the ground of error of fact." A declaration that expressly acknowledges an adverse fact and is made by a party in a judicial proceeding is a judicial confession that constitutes full proof against the party who made it. *Goines v. Goines*, 08-42 (La. App. 5 Cir. 6/19/08), 989 So.2d 794, 797, citing *Tucker v. St. Tammany Parish School Bd.*, 03-2401 (La. App. 1 Cir. 9/17/04), 888 So.2d 235, 237. An admission contained in a pleading falls within the scope of a judicial confession and is full proof against the party making it. *Id.*, citing *Monfore v. Self*, 99-459 (La. App. 3 Cir. 12/8/99), 755 So.2d 907, 909. A judicial confession must be explicit and not merely implied. *Monfore*, *supra*, citing *Hoffman v. Hoffman*, 430 So.2d 149 (La. App. 2 Cir. 1983).

We find, thus, that the claim for declaratory relief that the JPDA's document production fee schedule is unreasonable, is moot.

Further, Mr. Arthur is the only plaintiff in this suit, and thus his assertions in this suit that he is suing on behalf of others who may seek document production are without legal effect, as this suit is not a class action, nor has Mr. Arthur shown that he has standing to assert this claim on behalf of unnamed/unjoined other persons.

### DECREE

For the foregoing reasons, we find that Mr. Arthur's claim for declaratory relief regarding the reasonableness of the JPDA's document production fee schedule is now moot. Accordingly, the writ application is granted. The trial court's ruling which denied the JPDA's exception of lack of subject matter jurisdiction regarding the declaratory action as to the reasonableness of the JPDA's document production fee schedule is reversed. The JPDA's exception of lack of subject matter jurisdiction is granted. The declaratory action regarding the

reasonableness of the JPDA's document production fee schedule is dismissed with

prejudice as moot.

**WRIT GRANTED; RULING ON EXCEPTION OF LACK OF SUBJECT MATTER JURISDICTION REVERSED; EXCEPTION OF LACK OF SUBJECT MATTER JURISDICTION GRANTED; DECLARATORY ACTION AS TO THE JPDA'S DOCUMENT PRODUCTION FEE SCHEDULE DISMISSED WITH PREJUDICE AS MOOT**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JANUARY 10, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-480**

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
MATTHEW J. PAUL (RELATOR)          RICHARD C. STANLEY (RELATOR)

### MAILED

MELIA R. CERRATO (RESPONDENT)        KATIE SCHWARTZMANN (RESPONDENT)
ATTORNEY AT LAW                      VIRGINIA HAMRICK (RESPONDENT)
6329 FRERET STREET                   ATTORNEYS AT LAW
NEW ORLEANS, LA 70118                6329 FRERET STREET
                                     SUITE 130
                                     NEW ORLEANS, LA 70118