| .ROTHSCHILD, Judge.
This is an appeal from a judgment of the trial court in a partition case. For the reasons stated more fully herein, we affirm in part and reverse and remand in part.
Thomas Clinton Bergeon and Lisa Gas-trock Bergeon were married on September 11, 1992 in Jefferson Parish, Louisiana. They entered into a pre-nuptial agreement on September 10, 1992 declaring that it was their intention to remain separate in property and formally renounce the community of acquets and gains between husband and wife. One child was born of the marriage.
On November 18, 1996, Lisa Bergeon filed a petition for divorce, alleging that the parties separated on November 10, 1996. On motion of Mr. Bergeon, a final judgment of divorce was rendered pursuant to La. C.C. art. 102 on March 16, 1998.
Thereafter, on November 6, 1998, Lisa Bergeon filed a Petition for Partition of Co-Owned Property, alleging that she and Thomas Bergeon were co-owners of certain immovable property, namely the former family home located at 636 Meursault Drive in Kenner, and that she desired partition of same. On January 25, 2001, Thomas Bergeon answered this petition, and asserted a reeonventional demand against Lisa Bergeon. Mr. Bergeon averred that the family home that Mrs. Bergeon sought to partition was his separate property. Although Mr. Bergeon acknowledged he made a donation of a one-half interest in this property to Lisa Ber-geon during the marriage, he alleged in his 18reconventional demand that the donation was onerous and subject to recision. By this reeonventional demand, Mr. Bergeon also sought reimbursement for certain debts of Mrs. Bergeon which were paid by Mr. Bergeon after the couple’s separation.
This matter was set for trial on October 2, 2001. By judgment rendered that day and signed on October 12, 2001, the trial court upheld the validity of the donation and further held that “any and all claims for reimbursements or credits by the parties shall be determined and effective as of March 16, 1998, the date of the signing of the Judgment of Divorce.” Mr. Bergeon now appeals from this judgment on the basis of three assignments of error.

*1282
The Donation

Appellant first contends that the trial court erred in refusing to allow testimony and evidence in connection with the execution of the donation of his separate property-
There is no dispute in the present case that the former family home located at 636 Meursault Drive was owned by Thomas Bergeon prior to his marriage to Lisa Ber-geon in 1992 and was in fact his separate property. At trial, the parties introduced into evidence by joint stipulation a copy of an Act of Donation Inter Vivos dated March 26, 1993 whereby Thomas Bergeon donated to Lisa Gastrock Bergeon an undivided one-half interest in and to the property and improvements thereon bearing the address 636 Meursault Drive, Kenner. As indicated thereon, the Act of Donation was registered in the conveyance records for the Parish of Jefferson on April 2, 1993.
In his reconventional demand, Mr. Ber-geon alleged that the donation was onerous in nature and that it was executed as a result of fraud and/or error committed by Mrs. Bergeon. However, no evidence or argument was offered at trial as to either of these allegations. Rather, counsel for Mr. Bergeon argued to the trial court that the donation was executed solely for the purpose of obtaining refinancing for his separate property, and that Mr. Bergeon did not actually intend to transfer any interest in this property to Mrs. Bergeon by the act of donation. To support this argument, counsel offered to Rsubmit testimony of Mr. Bergeon and the notary who executed the act concerning the circumstances surrounding this transaction. Counsel for Mrs. Bergeon objected to the introduction of evidence as the act of donation was not ambiguous and that any testimony would constitute parol evidence.
The trial court upheld the validity of the donation and refused to allow Mr. Bergeon to present any evidence as to his purpose in executing this act. In argument to the trial court and in his brief before this Court, appellant relies on the case of Brehm v. Brehm, 00-201, (La.App. 5 Cir. 6/27/00), 762 So.2d 1259, wherein this court held that a couple’s sale and resale of property effected no change in the ownership of the matrimonial domicile because the transaction was entered into for the purpose of providing the homestead with a vendor’s lien and first mortgage. Id., 762 So.2d at 1264. However, the trial court found the holding in Brehm to be distinguishable because there was no donation in that case. We agree with the trial court on this issue.
In the Brehm case, the appellant argued that the sale and resale of the house to the homestead for the purpose of refinancing constituted an act of donation, and a panel of this Court disagreed with this argument. In the present case, the record contains an authentic act of Donation Inter Vivos, whereby Mr. Bergeon as “donor” declared “that in consideration of the love and affection which he has for LISA GAS-TROCK BERGEON, he does by these presents, irrevocably donate inter vivos, give, grant, transfer, set over” the described property to “donee,” Lisa Gastrock Bergeon. Under these circumstances, where Mr. Bergeon executed a separate act of donation to his wife rather than a sale and resale, we find the decision in Brehm to be distinguishable.
A donation inter vivos is an act by which the donor divests himself, at present and irrevocably, of the thing given, in favor of the donee who accepts it. La. C.C. art. 1468. Such a donation must meet strict requirements of form. See, La.C.C. art. 1467. As to the donation of an immovable, the general rule is the donation must be made by an act passed before a notary public and two witnesses. La. C.C. art. *1283 1536. Under the parol evidence |Rrule, testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature, except parol evidence may be admitted in the interest of justice to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by subsequent and valid oral agreement. La. C.C. art. 1848.
Appellant contends, that the trial court erred in refusing to allow testimony regarding his intent in executing the donation. Our review of the record shows that the donation in this case is valid in form, by authentic act, and is recorded in the public records. The terms of the donation, including the consideration given, are clear and unambiguous. Nothing in the document indicates that the donation was part of an effort to obtain financing. Further, appellant has not alleged any of the circumstances which would allow the introduction of parol evidence under La. C.C. art. 1848.
Accordingly, we find no error of the trial court in refusing to allow testimony or other evidence concerning the circumstances of this donation, and we conclude that the trial court correctly upheld the provisions of this authentic act.

Reimbursements

In his reconventional demand, appellant alleged that after the filing of the petition for divorce by appellee, appellant paid certain debts which were jointly owed by the parties or which were the sole debt of appellee, and that appellee owes appellant reimbursement for the payment of these debts.
In a community property regime, a spouse may have a claim against the other spouse for reimbursement upon termination of the regime. La. C.C. art. 2358. However, under a separation of property regime, there is no specific provision in the Civil Code which governs reimbursement between spouses or any provision governing the time that such reimbursements may be claimed. Under the codal articles applicable to separate property regimes, each spouse uses his property without the consent of the other spouse, and a spouse is solidarily liable with the other spouse who incurs an obligation for |finecessaries for himself or the family. La. C.C. arts. 2371 and 2372. Further, in the absence of an agreement otherwise, each spouse contributes to the expenses of the marriage in proportion to his means. La. C.C. art. 2373.
At trial, the parties disputed whether claims for reimbursement can be asserted for charges incurred prior to the judgment of divorce. In a community property regime, a judgment of divorce terminates the community property retroactively to the date of filing of the petition for divorce. La. C.C. art. 159. Appellant relied on this provision in arguing that he should be allowed to claim reimbursements from the date of the filing of the petition for divorce or from the date of the parties’ separation. After that time, as argued by appellant, there would be no “expenses of the marriage” as the parties no longer lived together as husband and wife. The trial court disagreed, and determined that the marriage was dissolved by the judgment of divorce on March 16, 1998, and in a separation of property regime, the judgment was not retroactive to the date of the filing of the petition for divorce. The trial court therefore concluded that appellant’s claims for reimbursements were effective as of the date of divorce.
Appellant contends on appeal that the trial court erred in setting the rendition of the judgment of divorce, rather than the date of the parties’ separation or the filing for divorce, as the date he is entitled to claim reimbursement from appellee. He argues that the trial court erroneously *1284 failed to consider all evidence of payments he made on debts incurred by appellee from the date of the filing of the petition for divorce until the date of divorce. We agree.
Under a separate property regime, a spouse is solidarity liable for payment of “expenses of the marriage.” However, to the extent one spouse incurs expenses which are not for the common good of the marriage, the other spouse may claim reimbursement for the payment of these obligations. Nothing in the statutory or jurisprudential law precludes the spouse from asserting a claim for reimbursement for obligations incurred prior to the termination of the separation of property regime. Under these circumstances, l7we conclude that the trial court erred in determining that appellant’s claim for reimbursement was determined and effective as of March 16, 1998, the date of the divorce. That portion of the trial court’s judgment is hereby vacated.
We find that appellant’s claims for reimbursement can property be asserted for charges incurred prior to the date of divorce which appellant can prove were not “expenses of the marriage.” Under the applicable codal articles governing separate property regimes, Mr. Bergeon is solidarity liable for payment of the “necessaries” or “expenses of the marriage” which may have been incurred by Mrs. Bergeon prior to the date of divorce. La. C.C. arts. 2371-2373. Mr. Bergeon is not liable for Mrs. Bergeon’s personal obligations which did not constitute expenses of the marriage.
A review of the record reveals that at the conclusion of trial, the parties entered into a stipulation that was made part of the judgment of the trial court stating that Lisa Bergeon owes Thomas Bergeon reimbursements in the amount of $6,487.00. ' However, it is unclear whether this amount includes appellant’s claims for reimbursement for payments made on charges incurred prior to the date of divorce.
By setting the date of the divorce as the effective date for claiming reimbursements, appellant was precluded from introducing proof that expenses incurred prior to this date were not expenses of the marriage. Although appellant proffered evidence including credit statements and payment receipts, this evidence does not show whether these expenses were incurred for the benefit of the marriage or for Mrs. Bergeon’s personal benefit.
We conclude that the trial court erred in failing to allow appellant to introduce evidence as to whether the debts incurred by appellee prior to the date of the divorce were expenses of the marriage. We therefore remand this case to the trial court to conduct a hearing to allow Mr. Bergeon to introduce evidence as to the debts paid by him which did not constitute expenses of the marriage but rather were Mrs. Ber-geon’s separate personal expenses for which he may be entitled to reimbursement.
| sReimbursement for Car Payments
By his final assignment of error, Mr. Bergeon contends that the trial court erred in failing to order reimbursement by Mrs. Bergeon for car payments Mr. Ber-geon made on a jointly-owned vehicle which was used solely by Mrs. Bergeon after the parties’ separation. Although ap-pellee does not respond to this argument in her brief, the record contains a judgment of the trial court rendered December 16, 1996 ordering that Thomas Bergeon continue paying the car note in addition to making alimony payments. The record further shows that appellant continued to pay the car note as ordered up until and through the judgment of divorce, and he stopped making payments after the divorce became final. Thereafter, the car *1285 note was not paid, and tbe vehicle was seized and foreclosed upon. The record indicates that Mr. Bergeon paid the deficiency judgment and the attorney’s fees for the recovery of the car, and sought reimbursement from Mrs. Bergeon for these costs which were incurred after the divorce. At trial, the trial court ordered Mrs. Bergeon to reimburse Mr. Bergeon for the payment of the deficiency judgment and attorney’s fees, and this ruling was made part of the trial court’s judgment.
Appellant now contends that he is entitled to reimbursement for the car payments he made from December of 1996 through the date of divorce. However, as the record indicates these payments were made pursuant to court order in addition to Mr. Bergeon’s alimony obligations, he is not entitled to reimbursement for these payments. There is no error in the trial court’s judgment in this regard.

Conclusion

Accordingly, the judgment of the trial court which upholds the validity of the Donation executed by Thomas Bergeon on March 26, 1996 in favor is Lisa Bergeon is affirmed. However, that portion of the judgment which precludes Mr. Bergeon from claiming reimbursement for joint debts paid prior to the date of divorce is vacated. The matter is remanded to the trial court to allow Mr. Bergeon to present proof as to whether the debts incurred are classified as expenses of the marriage or Mrs. Bergeon’s personal | Sexpenses. In all other respects, the judgment of the trial court is affirmed. Each party shall bear its own costs of this appeal.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.