CHEHARDY, C.J.
Lin this appeal, Juanita Narcisse Clarke appeals the trial court’s award of child custody, child support, and dependent tax credit. For the following reasons, we affirm in part, but vacate the August 1, 2016 judgment entirely and the child support award from the July 25, 2016 judgment, reinstate the child support award from the February 3, 2016 Order, and remand for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
On March 31, 1989, Juanita and Larry Clarke, Jr. were married. Thereafter, the parties established their matrimonial domicile in St. James Parish. Three children were born of the marriage but only one child is a minor at the center of this matter.
On August 19, 2015, Larry filed a Petition for 102 Divorce seeking: joint custody of L.N.C.,[1] whose date of birth is April 2, 2002, with designation of himself as domiciliary parent; child support from Juanita; the right to declare L.N.C. as a dependent on Larry’s state and federal income taxes; exclusive use of the community home; and other demands not pertinent to this appeal. Juanita answered and reconvened, demanding joint custody with designation of herself as domiciliary parent; child support for L.N.C.; exclusive use of the community home; and interim and final spousal support.
On November 12, 2015, the trial judge ordered the parties to mediation and set a *1230 hearing on the pending motions for February 3, 2016.
On December 7, 2015, through new counsel of record, Juanita filed a Rule for Child Custody, Child Support, Spousal Support, and Use of the Family Home, asserting that it was in the best interest of the minor child, L.N.C., that the parties have joint custody with Jpanita designated as the domiciliary parent with reasonable visitation in favor of Larry. Juanita further prayed for child support, |2interim spousal support, final spousal support for 180 days after the judgment of divorce, use of the family home, and drug testing for Larry. This Rule was set for hearing on February 3, 2016.
According to the minute entry, the trial court held a hearing on February 3, 2016. The record before us does not contain a transcript of that hearing. The record, does, however, contain the “Court Form Order,” signed by both parties, their counsel, and the trial judge.[2] That Order awarded: “interim shared custody” of L.N.C. with week-to-week exchanges on Tuesday; child support of $279.34/month commencing 2/15/16 payable in bi-weekly equal installments; exclusive use of the community home' to Larry with responsibility for the mortgage; and other matters not subject to this appeal. Some evidence of Larry’s income was introduced at that hearing and is included in the record before this Court.
In that Order, the trial court also set trial for May 3, 2016, which was continued until June 23, 2016. At the June trial, two witnesses testified: Juanita and Larry. Further, three documents were entered into evidence: a pay statement for Larry for the pay period from 9/28/15 through 10/11/15; .a pay statement for Juanita for the pay period ending 10/17/2015; and a photograph of a vehicle. At the close of the evidence, the trial court took the matter under advisement.
On July 25, 2016, the trial judge rendered a “considered decree,” ordering that “the parties shall continue sharing custody of the minor child, [L.N.C.] equally on a week-tó-week basis with exchanges on Tuesday;” setting “final child support” at $3.87/month; awarding exclusive use of the family home to Larry; denying" Juanita’s request for spousal support; and awarding Larry the right to claim L.N.C. [¡¡on his federal and state income taxes during odd-numbered years. Juanita appeals that judgment.[3]
*1231 DISCUSSION
■ On appeal, Juanita raises three assignments of error: first, the trial judge erred in ruling on child custody as the issue had already been agreed upon by consent of the parties; second, the trial judge erred in the calculation of child support by imputing the incorrect gross income amount to the appellee and in failing to apply the calculation of child support retroactively to the date of filing; and, third, the trial judge erred in failing to allow the appellant to claim the minor child on her federal and state income tax returns.
Due to a legal error by the trial court, we commence our analysis with. Juanita’s second assignment of error, in which- she argues that the trial judge erred in his calculation of child support. Our review reveals a legal error that requires that the final child support award be vacated and the matter remanded.
A legal error occurs when a trial court applies incorrect principles of law, and such errors are prejudicial. Tracie F. v. Francisco D., 15-1812 (La. 3/15/16), 188 So.3d 231, 247 (citing Lasha v. Olin Corp., 625 So.2d 1002, 1006 (La. 1993)). Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. Id- Where one or more legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the Lrecord is otherwise complete, the appellate court should make its own independent de novo review of the record and determine a preponderance of the evidence. Evans v. Lungrin, 97-541, 97-577 (La. 2/6/98), 708 So.2d 731, 735; McCaffery v. McCaffery, 13-692 (La.App. 5 Cir. 4/9/14), 140 So.3d 105, 114.
In a shared custody -[4] situation, such as this, the determination of an award of child support is made pursuant to Lá. R.S. 9:315.2, which states: ■.
A. Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together- with documentation of current and past earnings. Spouses of the parties shall also provide any relevant information with regard to the source of payments of household expenses upon request of the court or the opposing party, provided such request is filed in a-reasonable time prior to the hearing. Failure to timely file-the request shall not be grounds for a continuance. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party’s most recent federal tax return. A copy of the statement and documentation shall be provided to the other party.
B. If a party is voluntarily unemployed or underemployed, his or her *1232 gross income shall be determined as set forth in R.S. 9:315.11.
C. The parties shall combine the amounts of their adjusted gross incomes. Each party shall then determine by percentage his or her proportionate share of the combined amount. The amount obtained for each party is his or her percentage share of the combined adjusted gross income.
D. The court shall determine the basic child support obligation amount from the schedule in R.S. 9:315.19 by using the combined adjusted gross income of the parties and the number of children involved in the proceeding, but in no event shall the amount of child support be less than the amount provided in R.S. 9:315.14.
E. After the basic child support obligation has been established, the total child support obligation shall be determined as hereinafter provided in this Part. (Emphasis added.)
| Jn a shared custody arrangement, La. R.S. 9:315.9(B) provides that “Worksheet B reproduced in R.S. 9:315.20, or a substantially similar form adopted by local court rule, shall be used to determine child support in accordance with this section.”
In the present case, at the June 23, 2016 trial, the parties introduced two documents regarding child support: a copy of a pay statement for Larry for the pay period from 9/28/15 through 10/11/15 and a copy of a pay statement for Juanita for the pay period ending 10/17/2015. Under direct examination, Larry testified that, by June 23, 2016, he had become disabled and his income had been significantly reduced. He testified that he received $910.00/month from his former job; $1,800.00/month from the Marine Corps; and $1,300.00/month from supplemental disability insurance, which is roughly $4,000.00/month. The pay statement for Larry was introduced to support the cost of health insurance that Larry paid per pay period. Based upon this testimony, the trial judge awarded “final child support” of $3.87 per month.
Upon review, we find that we must vacate that award because, in this record, there is no documentation to support that award. La. R.S. 9:315.2 requires, at the very least, verified income statements showing gross income and adjusted gross income, with documentation of current and past earnings for the parties, and both party’s most recent federal tax return. Further, there is no documentation to establish Larry’s disability status or reduced employability. Moreover, there is no indication that the trial judge used Worksheet B to calculate the final child support award in this case as required by La. R.S. 9:315.9(B).
In setting child support, the statutory requirements ensure that the trial judge has the appropriate information before him and eliminate guessing by an appellate court; noncompliance with them renders the figures reached almost meaningless. Oubre v. Oubre, 00-103 (La. App. 5 Cir. 05/17/00), 762 So.2d 239, 241. Based on the foregoing, we find that the trial judge erred in rendering a child support award |fiin this case, where the parties failed to introduce the statutorily required evidence. Accordingly, we vacate the child support award in the July 25, 2016 judgment and reinstate the child support award from the February 3, 2016 Order, retroactive to February 5, 2016 as previously ordered by the trial court.[5]
*1233 Returning to Juanita’s first assignment of error, she contends that the trial court improperly issued a “considered decree” on the issue of child custody. In brief to this Court, Ms. Clarke asserts that the issue of child custody was (1) stipulated between the parties to avoid a “considered decree” and (2) was not before the court at the June 23, 2016 trial.
However, we find no merit in that specific argument as the February 3, 2016 Order clearly delineated the custody ruling as “interim shared custody” and set the matter for trial at a later date. Further, at the June 23, 2016 trial, Larry’s counsel questioned Larry concerning the parties’ custody arrangement and specifically asked whether he sought to have the interim custody order made final—Larry responded affirmatively and Juanita’s counsel did not object to that testimony. Thus, the trial court properly ruled on the custody of L.N.C. after trial.
Finally, in her third assignment of error, Juanita argues that the trial judge erred in allowing Larry to claim L.N.C. as a dependent on his income tax returns. We note that the trial judge ordered that the “parties shall alternate yearly claiming of the minor for income tax purposes” with Larry receiving the benefit for odd years. Juanita specifically argues that Larry was “obviously in arrears in child support” so the law precluded him from claiming the dependent tax credit. As noted, there was little evidence introduced at the June hearing and none to establish that Larry was in arrears on his child support.
17Further, this is a shared custody arrangement without a domiciliary parent. After a contradictory hearing, the trial court ordered that the parties were to alternate claiming the deduction. Based on the record before us, we decline to disturb that ruling.
DECREE
For the foregoing reasons, the August 1, 2016 amended judgment of the trial court is vacated; the July 25, 2016 award of child support is vacated, but that judgment is affirmed in all other respects; the February 3, 2016 Order of monthly child support of $279.34 is reinstated; and the matter is remanded for further proceedings.
AUGUST 1, 2016 JUDGMENT VACATED; JULY 25, 2016 JUDGMENT VACATED IN PART AND AFFIRMED IN PART; FEBRUARY 3, 2016 CHILD SUPPORT ORDER REINSTATED; REMANDED.

. To protect the privacy of the minor child, we will use initials in referring to the child.

. It is unclear whether the February 3, 2016 Order is a considered decree or a consent judgment. While the Order is signed by the trial judge and both parties and the minute entry from that date reflects that the parties "stipulated” to the matters addressed in the order, the typewritten title, "Court Form Stipulation” reflects that the term "Stipulation” is crossed out and is replaced with the term "Order.” Further, although child custody was designated as "interim shared" custody,” ho other issues, i.e. child ■ support or exclusive use of property, were designated as "interim.”

. On August 1, 2016, the trial judge signed an “AMENDED JUDGMENT,”, noting that its original judgment contained the wrong case number and stating, "The filing of this amended judgment remedies that error.” Except for the mistaken case number and the reference to that mistake, the two judgments are identical in substance. However, the record does not reflect that the trial judge followed the statutory requirements set forth in La. C.C.P. art. 1951 before amending the judgment. La. .C.C.P. art. 1951, which was amended effective August 1, 2013, currently reads:
On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment *1231 certifies that it was provided to all parties at least five days before the amendment and ■that no opposition has been received. ■
. The record reflects neither a hearing before the amendment nor that the parties consented nor that "the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.” Because of this error, we hereby vacate the August 1, 2016 judgment. Accordingly, we will review the July 25¡ -2016 judgment, which, although it contains a typographical error in the docket number, is a valid judgment.

. Until Jiily 31, 2016, which is the time period relevant in this appeal, La. R.S. 9:315.9(A)(1) defined "Shared custody” as "a joint custody order in which each parent has physical custody of the child for an approximately equal amount of time,” Effective August 1, 2016, by Acts 2016, No. 432, § 1, La. R.S. 9:315.9(A)(1) was amended to define "Shared custody” as custody where "each parent has physical custody of the child for an approximately equal amount of time.”

. La. R.S. 9:315.21(A) reads, "Except for good cause shown, a judgment awarding, modifying, or revoking an interim child support allowance shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand.” La. R.S. 9:315.21(E) reads, "In the event that the court finds good cause for not making the award retroactive to the date of judicial demand, the *1233 court may fix the date on which the award shall commence, but in no case shall this date be a date prior to the date of judicial demand.” Here, in the February 3, 2016 Order, the trial judge commenced the award on February 5, 2016, which indicates that the trial judge found that there was "good cause shown” to decline to award support retroactively. Because we do not have a transcript of the February hearing in the record, we cannot say that the trial court erred in that determination.