TINA CARTER THOMAS

VERSUS

THOMAS LOWELL THOMAS JR.

NO. 22-CA-141

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 740-149, DIVISION "P"
HONORABLE LEE V. FAULKNER, JR., JUDGE PRESIDING

December 28, 2022

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, Robert A. Chaisson, Stephen J. Windhorst, and Hans J.
Liljeberg

<u>**AFFIRMED IN PART; REVERSED IN PART**</u>
   **FHW**
   **SMC**
   **RAC**
   **HJL**

<u>**DISSENTS IN PART WITH REASONS**</u>
   **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

_Alexis Barteet_
Alexis Barteet
Assistant Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
TINA CARTER THOMAS
     Richard J. Richthofen, Jr.

COUNSEL FOR DEFENDANT/APPELLEE-2ND APPELLANT,
THOMAS LOWELL THOMAS JR.
     Jennifer C. Carter
     Dixon C. Brown

**WICKER, J.**

In this appeal, arising from a judgment partitioning community property, each party, individually, seeks appellate review. Following the parties' divorce, the former couple sought to partition their assets and liabilities. The trial court denied their individual requests for reimbursement associated with the parties' former marital home including: Mr. Thomas' request for reimbursement of the separate mortgage obligation paid by the community regime; and Ms. Thomas' request for rental reimbursement for Mr. Thomas' exclusive use of the former marital home after the parties separated. Each party complains of the trial court's December 16, 2021 judgment denying their individual requests for reimbursement. We find the trial court did not err denying Mr. Thomas reimbursement of the separate mortgage obligation paid by the community regime. However, we find the trial court erred in denying Ms. Thomas' claim for rental reimbursement as agreed upon by the parties in the July 13, 2020 joint sworn detailed descriptive list. Accordingly, the trial court's December 16, 2021 judgment is affirmed in part and reversed in part.

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On October 4, 2002, Thomas L. Thomas, Jr. ("Mr. Thomas") and Tina Carter Thomas ("Ms. Thomas") were married, and together they have one minor child, M.T. Shortly before the parties married in October 2002, Ms. Thomas purchased property located at 704 Jade Avenue in Metairie, Louisiana. To secure the financing to purchase the home, Ms. Thomas executed a mortgage in her name only. On the same day and immediately after purchasing the property, Ms. Thomas donated a one-half interest in the property at Jade Avenue to Mr. Thomas. The parties lived together in the Jade Avenue home with their child until the parties separated in June 2014.

Ms. Thomas filed a petition for divorce on July 9, 2014, which among other things requested a partition of the community regime. On August 7, 2014, the parties

entered into a consent judgment wherein they acknowledged the use of the family residence was an issue in dispute, but the parties stipulated to Mr. Thomas' interim use of the residence and reserved the issue of rental reimbursement until the partition of the property.[1] The parties were subsequently divorced on August 21, 2015.

In 2016, in the initial sworn descriptive lists separately filed by each party, both acknowledged a rental reimbursement claim owed to Ms. Thomas for Mr. Thomas' exclusive use of the home, although Mr. Thomas stated that the rental reimbursement was described as "still accruing" and claimed that he was unsure of the fair market rental value for the house. In contemplation of partition of the community, Ms. Thomas filed a motion to inspect and appraise the Jade Avenue property. In March 2019, the parties agreed to a court-appointed appraiser to determine the fair market value as well as the fair market rental value from July 2014 through the (then) present. Wayne Sandoz & Associates, Inc. provided an appraisal of the home on May 3, 2019. Ms. Thomas filed a motion to set trial and a supplemental and amending sworn detailed descriptive list in September 2019, wherein she sought rental reimbursement for Mr. Thomas' exclusive use of the Jade Avenue home from July 2014 to July 2019, in the amount of $30,000.00, which represented one-half of the rental value for Mr. Thomas' use of the home for that five-year period.[2] In October 2019, Mr. Thomas also filed an amended and supplemental sworn detailed descriptive list, in which he requested reimbursement for the separate mortgage obligation for the Jade Avenue property, paid for by the community from October 4, 2002, through November 30, 2012. He alleged that he is entitled to reimbursement in the amount of $46,252.06.

Thereafter, on July 13, 2020, the parties filed a joint sworn detailed descriptive list in advance of the hearing officer conference on the issue of partition of

---

[1] Mr. Thomas continued to reside at the Jade Avenue home without interruption, at least until the November 2021 hearing.

[2] The $30,000.00 sought for rental reimbursement represents one-half of the rental value of $60,000.

community property. The July 2020 joint sworn detailed descriptive list included Mr. Thomas' claim for reimbursement of the separate mortgage obligation related to the Jade Avenue property as well as Ms. Thomas' claim for rental reimbursement for Mr. Thomas' exclusive use of the home. The July 2020 joint descriptive list reflects that Ms. Thomas traversed the inclusion of Mr. Thomas' reimbursement claim for the payments made on the separate mortgage obligation. However, the parties concurred in the inclusion of Ms. Thomas' rental reimbursement claim in the amount of $30,000.00. After multiple continuances, a hearing officer conference was held on April 20, 2021, wherein the hearing officer recommended that the trial court deny Mr. Thomas reimbursement of the separate mortgage obligation and grant Ms. Thomas rental reimbursement for Mr. Thomas' exclusive use of the Jade Avenue property from August 7, 2014, to April 30, 2021, based on a monthly rental rate of $1,050.00, totaling $42,423.50.

The parties then filed their individual objections to the hearing officer's recommendations and subsequent memoranda in support.[3] Relevant to this appeal, Mr. Thomas objected to the hearing officer's recommendation to deny reimbursement of the separate mortgage obligation associated with the family home. He additionally objected to the hearing officer's recommendation to grant Ms. Thomas rental reimbursement, claiming Ms. Thomas offered no evidence to establish what the rental value was for any year other than 2019. He also argued the rental reimbursement should be denied altogether or, at the very least, reduced to an amount equivalent to his mortgage reimbursement claim, allowing the claims to offset each other.

A hearing on the objections was held in November 2021, after which the trial court took the matter under advisement. On December 16, 2021, the trial court

---

[3] Ms. Thomas' objections to the hearing officer's recommendations are not pertinent to the matter before us on appellate review.

rendered judgment. The trial court overruled Mr. Thomas' objection as to his mortgage reimbursement claim, finding that under the totality of the circumstances Mr. Thomas was not entitled to reimbursement. The trial court also sustained Mr. Thomas' objection on the issue of rental reimbursement and denied Ms. Thomas reimbursement for "failure of exacting proof." It is from the trial court's December 16, 2021 judgment that Mr. Thomas and Ms. Thomas, individually, seek appellate review.

## STANDARD OF REVIEW

On appellate review, Mr. Thomas raises one assignment of error. He avers that the trial court erred when it found he was not entitled to mortgage reimbursement for payments made by the community prior to the parties refinancing the property in 2012 and extinguishing the original mortgage obligation. Additionally, Ms. Thomas seeks appellate review of the trial court's denial of her rental reimbursement claim.

In *Wells v. Wells*, 12-315 (La. App. 5 Cir. 1/16/13), 109 So.3d 45, 47, this Court explained that "the trial court has broad discretion in adjudicating issues raised by divorce and partition of the community regime." (citing *Dublan v. Dublan*, 06–296, p. 6 (La. App. 5 Cir. 11/28/06), 947 So.2d 759, 762). "The trial judge is afforded a great deal of latitude in arriving at an equitable distribution of the assets between the spouses. *Id.* This Court will not disturb a trial court's finding of fact in the absence of manifest error. *Id.*"

## DISCUSSION

### Mortgage Reimbursement

At the time of the marriage, the mortgage associated with the Jade Avenue home was held solely in Ms. Thomas' name. The community paid down the mortgage obligation from 2002 until November 2012, at which time the parties refinanced the home, extinguishing the original mortgage obligation and both parties

becoming jointly liable for the new mortgage. The parties do not dispute that the new mortgage obligation, incurred on November 30, 2012, and jointly titled, is a community obligation. At issue in this case is the original mortgage that existed prior to the marriage until November 2012. Mr. Thomas claims that the original mortgage is a separate obligation that Ms. Thomas, alone, owed. In that the community paid Ms. Thomas' separate obligation, from October 4, 2002, until November 30, 2012, Mr. Thomas contends that he is entitled to a one-half reimbursement of the expenses paid by the community.

Mr. Thomas avers that the facts of this case are similar to *Jackson v. Morton*, 17-194 (La. App. 5 Cir. 11/15/17), 232 So.3d 685. The plaintiff and defendant were an unmarried couple for many years. The couple lived together with their two children, born from the relationship. The plaintiff purchased a property that was mortgaged in his name. On the same day, the plaintiff donated to the defendant one-half interest in the property. The plaintiff filed a petition for partition after the relationship ended. He alleged that the defendant did not contribute to the mortgage payments and averred that he was entitled to reimbursement for the defendant's share of the mortgage payments under La. C.C. art. 806.[4] The trial court denied the plaintiff's mortgage reimbursement claim, and the plaintiff appealed. On appellate review, this Court affirmed the trial court's ruling and reasoned that because the parties "were co-owners of the property and a mortgage is not an expense subject to reimbursement under La. C.C. art. 806," the plaintiff could not prove that he was entitled to mortgage reimbursement from the defendant. *Id.*, 232 So.3d at 688.

This case is distinguishable from *Jackson*, however, in that Mr. and Ms. Thomas are not simply co-owners of the property. Unlike the couple in *Jackson*,

---

[4] La. C.C. art. 806 states:
A co-owner who on account of the thing held in indivision has incurred necessary expenses, expenses for ordinary maintenance and repairs, or necessary management expenses paid to a third person, is entitled to reimbursement from the other co-owners in proportion to their shares.
If the co-owner who incurred the expenses had the enjoyment of the thing held in indivision, his reimbursement shall be reduced in proportion to the value of the enjoyment.

Mr. and Ms. Thomas were married; therefore, La. C.C. art. 806 is inapplicable. The code articles relative to the matrimonial regime and separation of the property regime govern here.

"Under the regime of separation of property each spouse acting alone uses, enjoys, and disposes of his property without the consent or concurrence of the other spouse." La. C.C. art. 2371. Pursuant to La. C.C. art. 2372, "[a] spouse is solidarily liable with the other spouse who incurs an obligation for necessaries for himself or the family." "Each spouse contributes to the expenses of the marriage as provided in the matrimonial agreement. In the absence of such a provision, each spouse contributes in proportion to his means." La. C.C. art. 2373.

*Birch v. Birch*, 45,702 (La. App. 2 Cir. 11/3/10), 55 So.3d 796, presents a set of facts more analogous to this case than *Jackson*. The couple, in *Birch*, was married in 1991, and the day before the parties were married, they executed a matrimonial agreement, rejecting the community property regime. During the marriage, the wife used her separate funds to purchase three properties including an office, a store, and a residential home. The wife purchased the residential property in 1995. The property was subsequently renovated and became the couple's home.

In December 2002, the parties separated, and the final judgment of divorce was rendered in February 2004. The husband sought reimbursement for separate funds "given or taken" by his former wife. The trial court determined that the matrimonial agreement constituted a waiver of all reimbursement claims. The Second Circuit reversed the trial court's judgment, finding the trial court committed legal error in concluding that the matrimonial agreement waived all reimbursement claims. The appellate court further found that the matter required remand to determine the amount of reimbursement owed. The appellate court concluded that "in the face of conflicting testimony" and questionable documentation, the trial court

was in a superior position to make necessary credibility determinations and complete the fact-finding task it had begun.

Most pertinent to our discussion is the appellate court's finding that the couple's home, which the wife bought with her separate funds, was subject to La. C.C. art. 2371 *et seq.* That is, "each spouse must contribute to the expenses of the marriage; in the absence of a specific provision, 'each spouse contributes in proportion to his means.'" *Birch v. Birch*, 45,702 (La. App. 2 Cir. 11/3/10), 55 So.3d 796, 803, *writ denied*, 2010-2670 (La. 1/28/11), 56 So.3d 959 (quoting *Bergeon v. Bergeon*, 02-158 (La. App. 5 Cir. 5/29/02), 817 So.2d 1280, 1283).

> In *Bergeon*, this Court explained:
>
> Under the codal articles applicable to separate property regimes, each spouse uses his property without the consent of the other spouse, and a spouse is solidarily liable with the other spouse who incurs an obligation for necessaries for himself or the family. La. C.C. arts. 2371 and 2372. Further, in the absence of an agreement otherwise, each spouse contributes to the expenses of the marriage in proportion to his means. La. C.C. art. 2373.

*Id.*, 02-158, p. 5-6, 817 So.2d at 1283.

In a separate property regime, "a spouse is solidarily liable for payment of 'expenses of the marriage.' However, to the extent one spouse incurs expenses which are **not** for the common good of the marriage, the other spouse may claim reimbursement for the payment of these obligations." *Id.*, 817 So.2d at 1284 (emphasis added).

The Second Circuit in *Birch* determined that despite the wife using her separate funds to acquire the property, it became the couple's home. Thus, the mortgage associated with the home was for the common good of the marriage and an expense for which the husband was not entitled to reimbursement pursuant to La. C.C. art. 2372.

"The trial judge is afforded a great deal of latitude in arriving at an equitable distribution of the assets between the spouses. This Court will not disturb a trial

court's finding of fact in the absence of manifest error." *Wells v. Wells*, 12-315 (La. App. 5 Cir. 1/16/13), 109 So.3d 45, 47 (internal citation omitted).

In this case, Ms. Thomas incurred the mortgage of the Jade Avenue home prior to the parties being married. Generally, an obligation incurred before entering a community property regime is the separate debt of the obligee. Yet, immediately after purchasing the home, Ms. Thomas donated one-half interest in the home to Mr. Thomas. Within days, the parties were married. Ms. Thomas maintains, and the evidence reflects, that the Jade Avenue property was purchased in contemplation of being the couple's home—and it was from October 2002 until November 2014. As in *Birch*, the expense incurred was clearly for the common good of the family. Consequently, the mortgage from 2002 until 2012 (when the parties refinanced the home) is considered an expense of the marriage as contemplated by La. C.C. art. 2373. Mr. Thomas is not entitled to reimbursement of this expense of the marriage which the law requires him to pay.

Therefore, we find no error in the trial court's judgment denying Mr. Thomas' request for reimbursement of mortgage payments made prior to the couple refinancing the home in 2012.

*Rental Reimbursement*

Next, Ms. Thomas appeals the trial court's denial of her claim for rental reimbursement. Upon termination of the community, spouses may assert claims for reimbursement from the patrimony of the spouse who owes reimbursement. La. C.C. arts. 2358 and 2359. "If…former community property has been used thereafter for the…benefit of the separate property of a spouse, the other spouse is entitled to reimbursement for one-half of the amount or value that the community property had at the time it was used." La. C.C. art. 2366. Additionally, "[a]fter a contradictory hearing, the court may award rent to be paid by a spouse exercising exclusive use and occupancy of a residence…." La. R.S. 9:374(D). The burden of proof is on the

party claiming reimbursement. *McLaughlin v. McLaughlin*, 17-645 (La. App. 5 Cir. 5/16/18), 247 So.3d 1105, 1115. It is incumbent upon the parties to present evidence at the partition trial regarding the value of the assets and liabilities claimed. *Ponson v. Ponson*, 17-469 (La. App. 5 Cir. 3/14/18), 241 So.3d 1213, 1220. The court is not required to accept at face value a party's valuation of assets, debts, or claims against the community. *Ellington v. Ellington*, 36,943 (La. App. 2 Cir. 3/18/03), 842 So.2d 1160, 1166, *writ denied*, 03-1092 (La. 6/27/03), 847 So.2d 1269. Whether a reimbursement claim is allowed is a finding of fact which this Court reviews for manifest error. *Vinet v. Vinet*, 20-387 (La. App. 5 Cir. 4/14/21), 347 So.3d 972, 976. However, "[w]here one or more legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent *de novo* review of the record and determine a preponderance of the evidence." *Clarke v. Clarke*, 16-669 (La. App. 5 Cir. 4/12/17), 219 So.3d 1228, 1231 (citing *Evans v. Lungrin*, 97-541, 97-577 (La. 2/6/98), 708 So.2d 731, 735).

On appellate review, Ms. Thomas avers that the trial court erred when it failed to consider the parties' July 13, 2020 joint sworn detailed descriptive list, in which the parties both concurred to Ms. Thomas' entitlement to a rental reimbursement of $30,000.00 for Mr. Thomas' exclusive use of the family home for the period of July 2014 to July 2019. Ms. Thomas asserts that the declaration regarding rental reimbursement contained in the joint sworn detailed descriptive list, which Mr. Thomas' attorney signed and submitted on behalf of both parties, constitutes a judicial admission, the effect of which is a waiver of evidence relative to the subject of the admission. Therefore, Ms. Thomas maintains that she was not required to submit evidence to support her claim for rental reimbursement because Mr. Thomas had already judicially confessed that she was entitled to rental reimbursement.

La. C.C. art. 1853 states:

A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.

A judicial confession is indivisible and it may be revoked only on the ground of error of fact.

In *Goines v. Goines*, 08-42 (La. App. 5 Cir. 6/19/08), 989 So.2d 794, 797, this Court explained:

> *A declaration that expressly acknowledges an adverse fact and is made by a party in a judicial proceeding is a judicial confession* that constitutes full proof against the party who made it. *Tucker v. St. Tammany Parish School Bd.*, 03-2401 (La. App. 1 Cir. 9/17/04), 888 So.2d 235, 237, citing, *Perry v. Perry & Sons Vault & Grave Serv.*, 03-1519 (La. App. 3 Cir. 5/12/04), 872 So.2d 611, 614. A judicial confession is indivisible and may be revoked only on the ground of [an] error [of] fact. *Id. An admission in a pleading falls within the scope of a judicial confession and is full proof against the party making it*. *Monfore v. Self*, 99-459 (La. App. 3 Cir. 12/8/99), 755 So.2d 907, 909, citing, *Smith v. Board of Trustees*, 398 So.2d 1045 (La.1981). *A judicial confession must be explicit and not merely implied. Monfore*, *supra*, citing, *Hoffman v. Hoffman*, 430 So.2d 149 (La. App. 2 Cir. 1983).

(emphasis added).

"A judicial admission or confession is a party's express acknowledgment of the correctness of the fact or the act charged against him by his adversary." *Allison v. CITGO Petroleum Corp.*, 18-302 (La. App. 3 Cir. 12/19/18), 262 So.3d 936, 946 (citation omitted). The confession is "designed to dispense with evidence and has the effect of withdrawing the subject matter of the confession from issue." *Id.* (citation omitted); *see also*, La. C.C. art. 1853, Comment (b) ("a declaration made by a party's attorney or mandatary has the same effect as one made by the party himself"). A "judicial confession is binding on the court and must be applied as the law of the case in which it is made." *Picard v. Vermilion Par. Sch. Bd.*, 00-1222 (La. App. 3 Cir. 4/4/01), 783 So.2d 590, 598 (citing *2304 Manhattan Blvd. Partnership v. La. Power & Light Co.*, 94-192 (La. App. 5 Cir. 9/14/94); 643 So.2d 1282).

In *Goines*, the wife appealed the trial court's finding that the marital home that was purchased prior to the marriage was the separate property of the husband. The husband originally filed a community property list of assets and expenses, in 2003, which listed the former marital home as community property. Similarly, he filed multiple detailed descriptive lists in 2003 and 2004, that listed the home as community property; and despite filing a rule to show cause why the former marital home should not be declared his sole property in 2006, the husband failed to argue in his motion that the home was his separate property and not part of the community regime. It was not until 2007 that the husband asserted for the first time that the home was his separate property. At the hearing, the wife argued that the affidavit executed for the purpose of refinancing the home stated that the home was community property. The trial court determined that the home was the husband's separate property, finding the affidavit did not expressly state that the husband intended to transfer his separate property to the community regime.

This Court reversed the trial court finding that the husband "had judicially admitted the house was community property and the affidavit successfully transferred the property to the community." *Goines*, 989 So.2d at 796. We explained that in order for a declaration to be deemed a judicial confession, it "must be explicit and not merely implied." *Id.* at 797. This Court further held that the "detailed descriptive lists filed by both parties constitute pleadings and, therefore, any admission or statement made in the documents, falls within the scope of a judicial confession." *Id.* In that the husband's declarations contained in his detailed descriptive lists and motions explicitly stated that the home was community property, we concluded that the statements were judicial confessions that the home was community property. Moreover, we found that the husband failed to prove that any error of fact existed to revoke his confession.

Similarly, in this case, Mr. Thomas filed a sworn detailed descriptive list on December 19, 2016, which stated Ms. Thomas was entitled to a rental reimbursement claim for his exclusive use of the former marital home. Mr. Thomas indicated that Ms. Thomas' claim to which she was entitled was "Still Accruing" and that he was "unsure of the fair rental value" for the home. In March 2019, the parties entered a consent judgment whereby they agreed to a court-appointed appraiser to conduct an inspection of the Jade Avenue home to determine the fair market value of the home *and* the fair market rental value for the period of July 2014 through the (then) present. In September 2019, Ms. Thomas filed her amended and supplemental detailed descriptive list that included a rental reimbursement claim due to her in the amount of $30,000.00 for Mr. Thomas' exclusive use of the former marital home from July 2014 to July 2019. Mr. Thomas filed an amending and supplemental detailed descriptive list in October 2019; however, Mr. Thomas did not amend or withdraw his acknowledgment of Ms. Thomas' rental reimbursement claim. Moreover, in July 2020, Mr. Thomas filed, on behalf of both parties, the joint sworn detailed descriptive list, in which they both concurred as to the value of the rental reimbursement claim, $30,000.00, for the period of July 2014 to July 2019. Mr. Thomas did not assert that rental reimbursement was not owed until the hearing officer had also denied his claim for reimbursement of the separate mortgage obligation and he filed his objections with the trial court in April 2021.[5]

As this Court found in *Goines*, each party submitted individual detailed descriptive lists that indicated what reimbursement claims were owed. Both indicated that rental reimbursement was owed for Mr. Thomas' exclusive use of the former marital home. Likewise, the parties thereafter filed a joint sworn detailed descriptive list—that Mr. Thomas, rather than Ms. Thomas, filed on behalf of both

---

[5] In particular, Mr. Thomas argued that if any rental reimbursement was owed it should be reduced to an amount equivalent to his mortgage reimbursement claim in order for the claims to offset each other.

parties—stating the value of the rental reimbursement Ms. Thomas was owed totaled $30,000.00 for the period from July 2014 to July 2019.

"Detailed descriptive lists in a community property partition constitute pleadings and, therefore, any admission or statement made in the documents falls within the scope of a judicial confession." *Cola v. Cola*, 19-0530 (La. App. 1 Cir. 12/27/19), 294 So.3d 6, 11, *writ denied*, 20-00344 (La. 6/3/20), 296 So.3d 1068 (citing *Goines*, 989 So.2d at 797). The detailed descriptive lists, in particular the July 2020 joint sworn detailed descriptive list, expressly acknowledge Ms. Thomas' entitlement to rental reimbursement and the valuing of her reimbursement in the amount of $30,000.00. Therefore, Mr. Thomas' declaration made in the detailed descriptive lists expressly acknowledging Ms. Thomas' rental reimbursement claim is a judicial confession that constitutes full proof against Mr. Thomas. Moreover, Mr. Thomas presented no evidence to prove "any error of fact on which to revoke the judicial confession." *Goines*, 989 So.2d at 798.

Considering Mr. Thomas' statements made in the detailed descriptive lists constitute a judicial confession, we find the confession was binding on the trial court and it was required to apply it as the law of the case.[6] *Picard v. Vermilion Par. Sch. Bd.*, 783 So.2d at 598. Therefore, we find the trial court erred as a matter of law in denying, for lack of evidence, Ms. Thomas' rental reimbursement claim for Mr. Thomas' exclusive use of the Jade Avenue home.

Based on our *de novo* review, we find the record, and specifically the joint sworn detailed descriptive list, contains sufficient evidence to award Ms. Thomas $30,000.00 for her rental reimbursement claim. Moreover, although the hearing officer recommended that Ms. Thomas was entitled to rental reimbursement over the

---

[6] Furthermore, even if this Court were to treat the statements made in the detailed descriptive lists as stipulations, we find stipulations have the effect of judicial confessions, in that stipulations "become law of the case and are binding on the trial court when not in derogation of the law." *Vinet*, 347 So.3d at 979.

$30,000.00 the parties stipulated to[7], Ms. Thomas failed to present any evidence relative to the rental value at the hearing on the parties' objections. In the absence of additional evidence, we decline to award any additional amounts. Accordingly, the trial court's denial of Ms. Thomas' rental reimbursement claim is reversed, and Ms. Thomas is awarded $30,000.00 for rental reimbursement.

## *CONCLUSION*

For the reasons set forth above, we find the trial court did not err in denying Mr. Thomas' mortgage reimbursement claim. However, we find the trial court erred in denying Ms. Thomas' rental reimbursement claim and further find Ms. Thomas is entitled to $30,000.00 for rental reimbursement. Therefore, the trial court's judgment is affirmed in part and reversed in part.

**AFFIRMED IN PART; REVERSED IN PART**

---

[7] After the parties submitted the joint detailed descriptive list, the hearing officer, relying on the court-ordered appraisal, determined that Ms. Thomas was actually owed more than the $30,000.00 that the parties stipulated to. The hearing officer recommended that Ms. Thomas was entitled to a monthly reimbursement rate of $1,050.00. Thus, for the period Mr. Thomas enjoyed the exclusive use of the family home, the hearing officer recommended that Ms. Thomas was entitled to rental reimbursement in the amount of $42,423.50.

TINA CARTER THOMAS                           NO. 22-CA-141

VERSUS                                       FIFTH CIRCUIT

THOMAS LOWELL THOMAS JR.                     COURT OF APPEAL

                                             STATE OF LOUISIANA


**WINDHORST, J., DISSENTS IN PART WITH REASONS**

I respectfully disagree with the majority in part, and would affirm the trial court's denial of Tina Carter Toups' (formerly Thomas) request for rental reimbursement. Under the specific facts of this case, I cannot conclude that the trial court was manifestly erroneous or clearly wrong, and that there was no reasonable basis in evidence for the trial court's denial of Ms. Toups' rental reimbursement claim.

The trial court has broad discretion in adjudicating issues raised by divorce and partition of the community regime. Vedros v. Vedros, 16-735 (La. App. 5 Cir. 10/25/17), 229 So.3d 677, 680, writ denied, 17-2119 (La. 02/23/18), 237 So.3d 1185, and writ denied, 18-004 (La. 02/23/18), 237 So.3d 520. The trial court is afforded a great deal of latitude in arriving at an equitable distribution of the assets between the spouses. Id. Whether a reimbursement claim is allowed is a finding of fact, which is reviewable under the manifest error standard. Id.

On April 17, 2019, after a hearing officer conference, the parties entered into a consent judgment agreeing to the appointment of Wayne Sandoz to appraise the market value of the immovable property located at 704 Jade Avenue, Metairie, Louisiana, and to determine the fair market rental value for the property for the

period from July 9, 2014 through the present. On July 13, 2020, a joint sworn detailed descriptive list was signed by counsel for both parties and was filed in the record. As to the rental reimbursement claim of the wife, the parties both agreed to $30,000 for rental reimbursement.

The parties appeared before the hearing officer on partition issues on several occasions, and the matter was submitted to the hearing officer on March 31, 2021. On April 21, 2021, the hearing officer rendered her recommendations. The hearing officer recommendation provides in pertinent part:

> Several VHOC's took place on partition issues, during which *documents provided by the parties were reviewed and discussed, and certain numbers were updated with the passage of time*. At the VHOC scheduled to take place on 3-31-21, the attorneys appeared without their clients and reported that they believed additional HOC discussions would be fruitless due to their clients' divergent positions as to certain partition claims. Accordingly, the *recommendations made by the Hearing Officer are based on the documents provided (or not provided) by each party*. [Emphasis added.]

The hearing officer attached and made a part of the record her findings and recommendations as set forth in "Attachment A," the joint detailed descriptive list. Attachment A listed the agreed amount of rental reimbursement to Ms. Toups as $30,000. Regarding Ms. Toups' rental reimbursement claim, the hearing officer's hand written modifications to this claim stated "8/7/14 through 4-30-21 at $1,050/month" and recommended awarding Ms. Toups "$42,423.50 (already divided by 2)."

Mr. Thomas timely filed an objection to the hearing officer's recommendation of rental reimbursement to Ms. Toups. At the objection hearing before the trial court, Ms. Toups did not submit Mr. Sandoz's appraisal report into evidence nor did she refer to the joint sworn detailed descriptive list in support of her rental reimbursement claim. The trial court took the matter under advisement and allowed

the parties to file post-trial memoranda. On September 27, 2021, the trial court rendered a judgment sustaining Mr. Thomas's objection and denying Ms. Toups' rental reimbursement claim for "failure of exacting proof." The majority's opinion finds that the trial court erred by not considering as evidence the parties' judicial confession in the joint sworn detailed descriptive list to determine Ms. Toups' entitlement to rental reimbursement. I respectfully disagree.

La. C.C. art. 1853 provides that a judicial confession is a declaration made by a party in a judicial proceeding that constitutes full proof against the party who made it. A judicial confession is indivisible and it may be revoked only on the ground of error of fact. Id. A judicial confession has the effect of waiving evidence as to the subject of the admission. C.T. Traina, Inc. v. Sunshine Plaza, Inc., 03-1003 (La. 12/03/03), 861 So.2d 156, 159.

A judicial confession must be an express acknowledgment of an adverse fact. Jones v. Gillen, 564 So.2d 1274, 1279 (La. App. 5 Cir. 1990), writ denied, 568 So.2d 1080 (La. 1990) and writ denied, 568 So.2d 1081 (La. 1990). Additionally, the adverse party must have believed the fact was no longer at issue or must have relied on it, to his detriment. Id.; Jefferson Parish Clerk of Court Health Ins. Trust Fund Through Mouledoux v. Fidelity and Deposit Co., 95-951, 95-952, 95-953, 95-954, 95-955, 95-956, 95-957 (La. App. 5 Cir. 04/30/96), 673 So.2d 1238, 1244, writ denied, 96-1719 (La. 10/04/96), 679 So.2d 1390. Otherwise, the party making the admission can withdraw the statement. Jones, 564 So.2d at 1279. Furthermore, in determining whether a judicial confession was made, courts have taken into account a *party's otherwise consistent opposition* to the fact alleged to have been confessed. La Louisiane Bakery Co. Ltd. v. Lafayette Ins. Co., 09-825 (La. App. 5 Cir. 02/08/11), 61 So.3d 17, 27; Opti-Flow, LLC v. Production Services Intern., Ltd., 04-1357 (La. App. 3 Cir. 06/01/05), 903 So.2d 1171, 1174, writ denied, 05-1748 (La.

01/13/06), 920 So.2d 240; <u>Jefferson Parish Clerk of Court Health Ins. Trust Fund Through Mouledoux</u>, *supra*. Thus, the presence of consistent opposition to the allegedly confessed fact weighs against finding a confession. <u>La Louisiane Bakery Co. Ltd.</u>, 61-So.3d at 27-28; <u>Opti-Flow, LLC</u>, 903 So.2d at 1174.

La. R.S. 9:374 provides that a spouse may be awarded rent to be paid by the spouse exercising exclusive use and occupancy of a residence. The burden of proof is on the party claiming reimbursement. <u>Vinet v. Vinet</u>, 20-387 (La. App. 5 Cir. 04/14/21), 347 So.3d 972, 978.

Although Mr. Thomas stipulated to a value for Ms. Toups' rental reimbursement claim in the joint sworn detailed descriptive list, a review of the record shows that Mr. Thomas consistently opposed Ms. Toups' rental reimbursement claim in the hearing officer conference. This fact is undisputed based on the hearing officer's recommendation. If Ms. Toups' rental reimbursement claim was not contested or no longer at issue (*i.e.*, by stipulation or judicial confession in joint sworn detailed descriptive list), then the parties would have entered into an express stipulation/consent judgment with the hearing officer regarding Ms. Toups' entitlement to and the value of her rental reimbursement claim. The parties clearly did not enter into an express stipulation or consent judgment regarding this issue, and Mr. Thomas filed a timely objection to this recommendation by the hearing officer.

Mr. Sandoz's appraisal report is not in the record, nor was it admitted into evidence at the objection hearing. Therefore, it is unclear if the value stated in Mr. Sandoz's report for the fair market rental value is the same as agreed to by the parties in the joint sworn detailed descriptive list or if the value is different. Additionally, because the hearing officer's recommendation specifically states that the parties provided documents, which were reviewed, discussed, and some of the values were

updated, it is also unclear what documents the hearing officer relied on (or not) in modifying the amount of rental reimbursement due to Ms. Toups in her recommendation.

Furthermore, the record shows that Mr. Thomas consistently opposed Ms. Toups' request for rental reimbursement and this alleged confessed fact in his (1) objection and memorandum in support of his objection; (2) his testimony at the objection hearing and his counsel's arguments against Ms. Toups' rental reimbursement claim;[8] and (3) his appeal and brief with this court.

Moreover, the record reveals that since the filing of the joint sworn detailed descriptive, at no time did Ms. Toups express a belief that her rental reimbursement claim was no longer at issue, nor did she rely on the joint sworn detailed descriptive list, to her detriment. At the objection hearing, Ms. Toups' did not submit any evidence regarding her rental reimbursement claim.[9] Also, following the objection hearing, in her post-trial memorandum to the trial court, Ms. Toups' counsel only argued, without any evidence, that "the appraisal was contemplated and discussed" during the hearing officer conferences, it was "submitted" to the hearing officer for her consideration, and her decision was based upon that information. Ms. Toups' counsel additionally stated that the rental reimbursement amount recommended by the hearing officer is "reasonable and _less than Ms. Toups was requesting based upon the appraisal_." [Emphasis added.] Ms. Toups' post-trial memorandum shows that Ms. Toups did not believe that the alleged confessed fact (_i.e._, alleged value of

---

[8] Additionally, on cross-examination, when Ms. Toups' counsel specifically questioned Mr. Thomas as whether he was "denying that she should get rental reimbursement for [him] living in the house," Mr. Thomas replied, "I'm denying she should get rental reimbursement."

[9] When Mr. Thomas' counsel argued that Ms. Toups' did not submit any evidence regarding the value of her alleged rental reimbursement claim, Ms. Toups' counsel _only argued_ that he thought that Mr. Sandoz's appraisal report was submitted and was in the record. Ms. Toups' counsel did not move or offer to admit Mr. Sandoz's appraisal report into evidence at that time.

$30,000 as stated in the joint sworn detailed descriptive list) was not at issue and she did not rely on it, to her detriment.

Ms. Toups' counsel argued, *for the first time on appeal*, that the trial court erred in failing to consider the judicial confession in the joint sworn detailed descriptive list that provided for rental reimbursement to Ms. Toups in the amount of $30,000. Ms. Toups' counsel argued that this judicial confession had the effect of waiving evidence as to her rental reimbursement claim and withdrawing the subject matter of the confession from issue. Thus, Ms. Toups' counsel argued that no evidence was necessary to establish Ms. Toups' right to rental reimbursement.

Upon review of the record, there is no evidence that Ms. Toups relied on the alleged judicial confession to her detriment or believed that her request for rental reimbursement was no longer an issue. Moreover, despite the filing of the parties' joint sworn detailed descriptive list, Mr. Thomas consistently opposed Ms. Toups' claim for rental reimbursement, including the value of said claim. Based on the particular facts in this case, the presence of consistent opposition by Mr. Thomas to the allegedly confessed fact and an absence of Ms. Toups reliance on the allegedly confessed fact or a belief that the claim was not at issue weighs against the finding of a judicial confession.

In this case, Mr. Thomas filed a timely objection. As required by Louisiana District Court Rule 35.7 and La. 46:236.5, the trial court conducted a contradictory evidentiary hearing wherein the parties were provided an opportunity to present evidence, sworn testimony, and argument regarding their claims. The hearing was conducted *de novo*. See Fairbanks v. Beninate, 20-206 (La. App. 5 Cir. 12/23/20), 308 So.3d 1222, 1233-1234, writ denied, 21-250 (La. 03/23/21), 313 So.3d 272; Dugué v. Dugué, 17-525 (La. App. 5 Cir. 06/27/18), 250 So.3d 1174, 1178. At the trial court hearing, the burden of proof did not shift to the objecting party. Fairbanks,

308 So.3d at 1234. The burden of proof remained on the moving spouse (Ms. Toups in this case), who originally had the burden of proof. Id.

Louisiana District Court Rule 35.7 provides that the trial court "shall not be bound by the recommendation of the officer." The trial court "may review the hearing officer's conference report, and shall accept, reject, or modify in whole or in part the findings of the hearing officer and give them such weight as deemed appropriated based on the evidence adduced at the hearing." Id. Additionally, La. R.S. 46:236.5 provides that the trial court "shall accept, reject, or modify in whole or in part the findings of the hearing officer" after *de novo* consideration of the evidence. La. R.S. 46:236.5; Fairbanks, 308 So.3d at 1234. Here, the trial court clearly rejected the hearing officer's recommendation awarding Ms. Toups' rental reimbursement after a *de novo* hearing in which Ms. Toups failed to submit any evidence in support of her claim.

Consequently, based on the evidence, I cannot conclude that the trial court was manifestly erroneous in denying Ms. Toups' request for rental reimbursement. Accordingly, I would affirm the trial court's denial of Ms. Toups' request for rental reimbursement.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 28, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-141

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. LEE V. FAULKNER, JR. (DISTRICT JUDGE)
RICHARD J. RICHTHOFEN, JR. (APPELLANT)     DIXON C. BROWN (APPELLANT)        JENNIFER C. CARTER (APPELLANT)

**MAILED**
NO ATTORNEYS WERE MAILED